Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/25/2019 09:07 AM CDT

State of Nebraska, appellee, v.
Daniel J. Lovvorn, appellant.
___ N.W.2d ___

Filed August 2, 2019.    No. S-18-1104.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

3. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

4. ____. If a defendant is not brought to trial before the running of the time for trial as provided for in Neb. Rev. Stat. § 29-1207 (Reissue 2016), as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

5. ____. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

6. ____. For speedy trial purposes, the calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends.

7. **Speedy Trial: Waiver: Appeal and Error.** A defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed; (2) discharge is denied; and (3) that denial is affirmed on appeal.

8. **Constitutional Law: Speedy Trial.** The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11.

Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed.

Carolyn Wilson, Assistant Sarpy County Public Defender, and Mitchell Sells, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PAPIK, J.

Daniel J. Lovvorn filed a motion for discharge on statutory and constitutional speedy trial grounds. The district court overruled the motion, and Lovvorn appeals that ruling. For reasons we will explain, we affirm.

## BACKGROUND

On January 19, 2018, the State filed an information against Lovvorn in the district court for Sarpy County. The State charged Lovvorn with theft by receiving stolen property, $5,000 or more; possession of a deadly weapon by a prohibited person; possession of a firearm by a prohibited person; driving under revocation/court order; carrying a concealed weapon; reckless driving; obstructing a peace officer; possession of marijuana, 1 ounce or less, or synthetically produced cannabinoids; and possession of drug paraphernalia. On January 30, the district court set a pretrial hearing for April 9 and scheduled trial to begin on June 14.

On April 9, 2018, the day initially scheduled for the pretrial conference, Lovvorn requested a continuance. The court granted the continuance and set the pretrial hearing for June 11. The scheduled trial date was left unchanged.

On June 4, 2018, the State filed a motion to continue the trial. In its motion, the State asserted that it was seeking a continuance because one of its witnesses would be unable to attend the trial scheduled for June 14. Attached to the State's motion was an affidavit of a witness, a deputy sheriff, stating that he would be out of the state for a planned vacation at that time. At the hearing on this motion, Lovvorn's counsel indicated that she objected to the continuance "[f]or the record," without providing further reasons for the objection. The district court granted the motion to continue in a June 12 journal entry and order which provided that the trial would commence on July 17.

On July 5, 2018, the State filed another motion to continue the trial date. The State asserted that another of its witnesses would be unavailable to testify for a trial beginning July 17. Attached to the State's motion was an affidavit from the prosecutor stating that "a material and necessary witness for the State's case" would be unavailable to testify July 17 as a result of previously scheduled work-related travel. At a July 9 hearing, Lovvorn again objected "for the record" without providing reasons for the objection. In a journal entry and order entered later that day, the district court granted the motion. In the same order, the district court transferred the case to a different judge and ordered that the new trial date would be set by the judge to whom the case was transferred. The order indicated that the case was transferred because the judge to whom the case was transferred "has the lowest open docket."

On July 19, 2018, the judge to whom the case was transferred entered a journal entry and order scheduling a status hearing for July 30. On July 30, the judge entered a journal entry and order scheduling a pretrial hearing for August 20. On August 6, the judge entered an order setting the matter for trial on September 11.

On September 6, 2018, Lovvorn filed a motion for discharge on statutory and constitutional speedy trial grounds. Following a hearing, the district court overruled the motion in a written

order. The district court concluded that all of the time between the first continuance requested by the State through its second continuance and Lovvorn's motion for discharge was excludable under Neb. Rev. Stat. § 29-1207(4)(c) (Reissue 2016) and that therefore, the time to bring Lovvorn to trial under Nebraska's speedy trial statutes had not expired. The district court also found that Lovvorn's constitutional right to a speedy trial had not been violated after applying the four-factor test of *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

Lovvorn appeals.

## ASSIGNMENTS OF ERROR

Lovvorn asserts that the district court erred in finding he was not entitled to discharge (1) on statutory speedy trial grounds or (2) on constitutional speedy trial grounds.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Id.*

## ANALYSIS

*Statutory Right to Speedy Trial.*

[3,4] Lovvorn contends that he was entitled to discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) provides in part that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in

this section." If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Vela-Montes, supra.*

[5] To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Vela-Montes, supra.* Because the information was filed on January 19, 2018, in this case, the State had until July 19 to bring Lovvorn to trial if there were no excludable days.

[6] The parties agree, however, that there were at least some excludable days. Lovvorn conceded at oral argument that the period of delay resulting from the State's first motion for a continuance fell within § 29-1207(4)(c)(i). The calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). The district court granted the State's first motion for a continuance on June 12, 2018, and continued the trial until July 17. There is thus no dispute that 35 calendar days were properly excluded as a result of the first continuance obtained by the State.

The State contends that two other periods of time were also excludable. The State argues that a period of time is excludable under § 29-1207(4)(b) as a result of Lovvorn's successful request for a continuance of the pretrial hearing. The State also argues that the period of delay resulting from its second request for a continuance is excludable under § 29-1207(4)(c). Lovvorn disputes that any excludable time arose out of either his motion to continue or the State's second motion to continue.

With respect to his motion to continue the pretrial hearing, Lovvorn does not dispute that he requested a continuance of the pretrial hearing; that the district court granted his request;

and that as a result of his request, the pretrial hearing originally scheduled for April 9, 2018, was rescheduled for June 11. He also acknowledges prior cases in which this court and the Nebraska Court of Appeals have recognized that the continuance of a pretrial hearing or conference can result in excludable time. See, e.g., *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017); *State v. Williams, supra*; *State v. Dailey*, 10 Neb. App. 793, 639 N.W.2d 141 (2002). Lovvorn argues, however, that the continuance he obtained did not result in excludable time under § 29-1207(4)(b).

Section 29-1207 provides in relevant part: "(4) The following periods shall be excluded in computing the time for trial: . . . (b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel."

Lovvorn points to the appearance of the word "trial" in the introductory language of § 29-1207(4) and the appearance of the phrase the "period of delay" in subsection (b) and argues that it is only when a continuance results in the postponement of trial, that time is excluded for speedy trial purposes. He argues that the continuance he requested did not result in a delay of the trial, because when the district court continued the pretrial hearing from April 9 to June 11, 2018, it did not reschedule the trial itself, which had been previously set for June 14.

Lovvorn's argument requires us to interpret § 29-1207(4)(b). Our basic principles of statutory interpretation require us to give statutory language its plain and ordinary meaning. See *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019). Those same principles prohibit us from reading a meaning into a statute that is not there or reading anything direct and plain out of a statute. See *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 885 N.W.2d 723 (2016).

We are unpersuaded by Lovvorn's statutory interpretation argument. The introductory phrase of § 29-1207(4) does use

the word "trial," but that is unsurprising, because the statute provides the time by which a defendant must be brought to trial. Neither do we find that the presence of the phrase "period of delay" in § 29-1207(4)(b) supports Lovvorn's argument. While Lovvorn contends that there was no period of delay as a result of his continuance, he is incorrect. The pretrial hearing would have occurred April 9, 2018, but due to his request for a continuance, it did not. And, in any event, we have held that in the context of § 29-1207(4), there is no meaningful distinction between the phrase "'period of delay'" and "'period of time.'" *State v. Feldhacker*, 267 Neb. 145, 154-55, 672 N.W.2d 627, 634 (2004).

Lovvorn is essentially asking us to interpret § 29-1207(4)(b) to say that only when a continuance requested by the defendant results in the postponement of a scheduled trial date does excludable time arise. This would run contrary to our practice to not read meaning into a statute that is not reflected in its text. See *Stewart v. Nebraska Dept. of Rev., supra*. The statutory language provides for excludable time whenever there is a "period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel." § 29-1207(4)(b). The delay caused by Lovvorn's request for a continuance of the pretrial hearing meets this definition regardless of whether the trial date was postponed or remained unchanged.

Having determined that Lovvorn's request for a continuance of the pretrial hearing resulted in excludable days, this leaves only a determination of how many days were excluded. We recognize that *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017), indicates that excludable time arising as a result of the continuance of a pretrial conference begins at the original date of the pretrial conference. That language, however, is inconsistent with our precedent, noted above, which holds that the calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends, and we thus disapprove of

the contrary language in *Bridgeford*. The day after Lovvorn requested the pretrial conference was April 10, 2018. The continuance ended on June 11, the date of the next scheduled pretrial hearing. There were thus 63 excludable days as a result of Lovvorn's requested continuance.

To this point, we have determined that there were 98 excludable days. While the State argues that there were additional excludable days, there is no need for us to determine whether that is the case. Recalling that the State had until July 19, 2018, to try Lovvorn if there were no excludable days, the presence of 98 excludable days means that the State could timely bring Lovvorn to trial by October 25. See *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Lovvorn filed his motion for discharge September 6.

[7] Not only is it not necessary for us to determine precisely how many days remained on the speedy trial clock when Lovvorn filed his motion for discharge in order to decide this case, but neither is it necessary for us to make that determination so that the parties know how much time remains to try Lovvorn. In *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014), we held that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed; (2) discharge is denied; and (3) that denial is affirmed on appeal.

That is the case here. Lovvorn's motion for discharge resulted in the continuance of the trial previously scheduled for September 11, 2018. While the parties disagree about exactly how much time remained on the speedy trial clock on that date, Lovvorn's motion and subsequent appeal have moved any trial many months beyond the time that potentially remained. And we conclude that Lovvorn's motion for discharge was properly denied. Accordingly, Lovvorn has waived his statutory right to a speedy trial and there is no need to calculate the exact

number of days remaining on the speedy trial clock. See *State v. Vela-Montes, supra*.

*Constitutional Right to Speedy Trial.*

[8] We next consider whether the district court erred by finding that Lovvorn's constitutional right to a speedy trial was not violated. The constitutional right to a speedy trial is guaranteed by U.S. Const. amend. VI and Neb. Const. art. I, § 11. Determining whether a defendant's constitutional right to a speedy trial has been violated requires application of a balancing test first articulated by the U.S. Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). That test involves consideration of four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. See, *id.*; *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016).

We have observed that it is "an unusual case" in which the Sixth Amendment has been violated when the time limits under the speedy trial act have been met. *State v. Hettle*, 288 Neb. 288, 301, 848 N.W.2d 582, 594 (2014). Applying the constitutional balancing test, we find this is not such a case.

First, the length of delay does not favor Lovvorn. While the constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other, we have recognized that § 29-1207 provides a useful standard for assessing whether the length of a trial delay is unreasonable under the U.S. and Nebraska Constitutions. *State v. Hettle, supra.* Here, as we have explained, Lovvorn filed his motion for discharge when time remained on the statutory speedy trial clock.

We find that the reason for the delay also does not favor Lovvorn. *Barker* itself distinguished between a "deliberate attempt to delay the trial in order to hamper the defense" which "should be weighted heavily against the government" and "a valid reason, such as a missing witness," for which some delay

is justified. *Barker v. Wingo*, 407 U.S. at 531. There is no indication of a deliberate attempt on the part of the State to delay the trial to hinder Lovvorn's defense, and Lovvorn concedes that at least part of the delay in this case arose because of witness unavailability. And while Lovvorn argues that the case was delayed due to the transfer of the case from one judge to another following the State's second request for a continuance, there is no indication in the record that the transfer resulted in delay. After the State's request for a continuance was granted, a new trial date was necessary. Our record provides no indication that the trial would have been scheduled for an earlier date if not for the transfer to a different judge.

Lovvorn fares no better with the third *Barker* factor, defendant's assertion of the right. *Barker* noted that factor requires consideration of the "frequency and force" of the defendant's objection to delay, rather than "attaching significant weight to a purely *pro forma* objection." 407 U.S. at 529. Lovvorn objected to both of the State's requests for a continuance, but speedy trial concerns were not mentioned; his counsel said the objection was "for the record." These objections are, at most, the type of pro forma objections that are entitled to little weight in the *Barker* balancing test.

As for the final *Barker* factor, prejudice to the defendant, Lovvorn argues that he was not responsible for the continuances requested by the State and was therefore prejudiced. In *Barker*, however, the Court explained that the prejudice factor is to be assessed "in the light of the interests of defendants which the speedy trial right was designed to protect." 407 U.S. at 532. The *Barker* Court identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* Lovvorn makes no argument as to how any delay of trial in this case affected these interests.

After weighing the four *Barker* factors, we conclude that this is not an unusual case in which there was no statutory

speedy trial violation but there was a constitutional speedy trial violation.

## CONCLUSION

Neither Lovvorn's statutory nor constitutional right to a speedy trial was violated. We therefore affirm the district court's order denying Lovvorn's motion for discharge.

Affirmed.