Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/13/2019 09:06 AM CST

State of Nebraska, appellee, v.
Kelly Schmaltz, appellant.

___ N.W.2d ___

Filed September 20, 2019.    No. S-18-925.

1. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

3. **Motions for Mistrial: Appeal and Error.** Decisions regarding motions for mistrial are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion.

4. **Jury Instructions: Proof: Appeal and Error.** To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.

5. **Statutes.** Basic principles of statutory interpretation require a court to give statutory language its plain and ordinary meaning.

6. ____. Basic principles of statutory interpretation prohibit a court from reading a meaning into a statute that is not there or reading anything direct and plain out of a statute.

7. **Trial: Prosecuting Attorneys: Appeal and Error.** When considering a claim of prosecutorial misconduct, an appellate court first considers whether the prosecutor's acts constitute misconduct.

8. **Trial: Prosecuting Attorneys: Words and Phrases.** Prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various conducts because the conduct will or may undermine a defendant's right to a fair trial.

9. **Trial: Prosecuting Attorneys: Juries.** Prosecutors are charged with the duty to conduct criminal trials in such a manner that the accused may

have a fair and impartial trial, and prosecutors are not to inflame the prejudices or excite the passions of the jury against the accused.

10. \_\_\_\_: \_\_\_\_: \_\_\_\_. A prosecutor's conduct that does not mislead and unduly influence the jury is not misconduct.

11. **Criminal Law: Motions for Mistrial: Proof: Appeal and Error.** A mistrial is properly granted in a criminal case where an event occurs during the course of a trial that is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial. The defendant must prove that the alleged error actually prejudiced him or her, rather than creating only the possibility of prejudice.

Appeal from the District Court for Scotts Bluff County: Leo P. Dobrovolny, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Following a jury trial, Kelly Schmaltz was convicted of leaving the scene of an injury accident. He appeals. We affirm.

## FACTUAL BACKGROUND

On January 22, 2018, Schmaltz was charged by information with leaving the scene of an injury accident and driving without proof of financial responsibility. A jury trial was held August 8.

At trial, evidence was adduced that a semi-truck hauling cattle in a trailer and driven by Schmaltz was involved in a collision with a vehicle driven by Monica Gomez. Schmaltz did not challenge that an accident had occurred, that Gomez was injured, or that he left the scene. Schmaltz instead argued that leaving the scene was justified because he had to unload the

cattle he had been hauling in order to avoid loss of or injury to the cattle. Accordingly, Schmaltz sought an instruction on the so-called choice of evils defense as codified at Neb. Rev. Stat. § 28-1407 (Reissue 2016).

The district court declined to instruct the jury as to this defense, concluding that it was inapplicable where the choice made was to mitigate or prevent loss to property and not to a person. The jury found Schmaltz guilty of leaving the scene of an injury accident.

The other charge, driving without proof of financial responsibility, had earlier been dismissed following Schmaltz' motion for a directed verdict at the end of the State's case-in-chief. Schmaltz sought a mistrial based on prosecutorial misconduct. Schmaltz alleged that by attempting to introduce hearsay evidence that Schmaltz' insurer refused to pay for Gomez' injuries to prove up the elements of that charge, the State committed prosecutorial misconduct that warranted a mistrial. The district court denied the motion for a mistrial.

Schmaltz was convicted by a jury. His subsequent motion for new trial was denied. Schmaltz was sentenced to 12 months' probation, and his operator's license was revoked for 1 year. He was also ordered to pay restitution to Gomez. Schmaltz appeals.

## ASSIGNMENTS OF ERROR

Schmaltz assigns that the district court erred in failing to (1) give his requested instruction regarding the choice of evils defense and (2) grant a mistrial on the basis of prosecutorial misconduct.

## STANDARD OF REVIEW

[1] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the lower court's decision.[1]

---

[1] *State v. Bigelow*, 303 Neb. 729, 931 N.W.2d 842 (2019).

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[2]

[3] Decisions regarding motions for mistrial are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion.[3]

## ANALYSIS

*Jury Instruction.*

[4] Schmaltz first argues that the district court erred in refusing to give his proposed choice of evils instruction. To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.[4]

Section 28-1407, the choice of evils justification, provides as follows:

(1) Conduct which the actor believes to be necessary to avoid a harm or evil to himself or another is justifiable if:

(a) The harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged;

(b) Neither [the Nebraska Criminal Code] nor other law defining the offense provides exceptions or defenses dealing with the specific situation involved; and

(c) A legislative purpose to exclude the justification claimed does not otherwise plainly appear.

(2) When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or

---

[2] *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[3] *State v. Briggs*, 303 Neb. 352, 929 N.W.2d 65 (2019).

[4] *State v. Bigelow, supra* note 1.

evils or in appraising the necessity for his conduct, the
justification afforded by this section is unavailable in
a prosecution for any offense for which recklessness
or negligence, as the case may be, suffices to establish
culpability.

The district court declined to give the tendered instruction.
Specifically, the court noted that Schmaltz' defense was that he
left the scene of the accident in order to prevent loss to the 94
head of cattle he was hauling.

Schmaltz directs us to *State v. Wells*[5] to support his assertion
that § 28-1407 is applicable to property. In *Wells*, the defendant
and others were charged with criminal mischief in connection
with the destruction of equipment on a construction site that
adjoined the defendant's farm. The defendant contended that
the construction work being done was causing soil erosion to
his property and that he was justified, via the choice of evils
defense, in damaging the equipment in question to prevent the
damage to his own property.

In reaching our decision in *Wells* that such defense was not
available, we noted that "[i]n property crimes, the defense
of justification is available only in limited circumstances."[6]
Schmaltz suggests that had the choice of evils defense not been
an available justification defense for property crimes, this court
would have simply relied upon that fact to reject the argument
of the defendant in *Wells*. Instead, this court went further to
reason that the choice of evils justification was unavailable
because the defendant in *Wells* had a reasonable alternative to
the criminal damage—he could have filed for and obtained a
temporary restraining order.

*Wells* does not address § 28-1407. However, by implication,
the court suggests that § 28-1407 would not be applicable to
property crimes, noting that a different section, Neb. Rev. Stat.
§ 28-1415 (Reissue 2016), would provide justification for a

---

[5] *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999).

[6] *Id.* at 338, 598 N.W.2d at 35.

property crime under certain circumstances, just not those presented in *Wells*.

[5,6] In addition, the defendant in *Wells* destroyed the property of another through use of force and sought a justification for that act in a way that is not present in this case. Of course, there is no allegation that Schmaltz collided with Gomez intentionally in an attempt to save the cattle in his trailer. For these reasons, *Wells* is distinguishable. Our basic principles of statutory interpretation require us to give statutory language its plain and ordinary meaning.[7] Those same principles prohibit us from reading a meaning into a statute that is not there or reading anything direct and plain out of a statute.[8]

Section 28-1407(1) provides a justification for "[c]onduct which the actor believes to be necessary to avoid a harm or evil to himself or another . . . ." This justification is available only if the "harm or evil sought to be avoided by such conduct is greater than that sought to be prevented."[9] Neb. Rev. Stat. § 28-1406(4) (Reissue 2016) defines "[a]ctor" as "any person who uses force in such a manner as to attempt to invoke the privileges and immunities afforded him by sections 28-1406 to 28-1416."

The choice of evils justification is generally inapplicable here. The statutes at issue in this appeal were all enacted at the same time and concern "justification" for the use of force.[10]

The only person in this scenario who could be the "actor" contemplated in § 28-1407 is Schmaltz. Even if his conduct in leaving the scene of the accident was done to avoid a harm or evil, the conduct was not done with force. A justification defense under these statutes is unavailable.

There is no merit to Schmaltz' first assignment of error.

---

[7] *State v. Lovvorn, supra* note 2.

[8] *Id.*

[9] § 28-1407(1)(a).

[10] See § 28-1407.

*Prosecutorial Misconduct.*

Schmaltz also argues that the district court erred in not granting his motion for mistrial for the State's act of prosecutorial misconduct. Specifically, Schmaltz argues that the State's attempt to prove the charge of driving without proof of financial responsibility by eliciting testimony by Gomez that Schmaltz' insurer had not paid her claim was both prejudicial and insufficient. We find this argument to be without merit.

[7-10] When considering a claim of prosecutorial misconduct, an appellate court first considers whether the prosecutor's acts constitute misconduct.[11] Prosecutorial misconduct encompasses conduct that violates legal or ethical standards for various conducts because the conduct will or may undermine a defendant's right to a fair trial.[12] Prosecutors are charged with the duty to conduct criminal trials in such a manner that the accused may have a fair and impartial trial, and prosecutors are not to inflame the prejudices or excite the passions of the jury against the accused.[13] A prosecutor's conduct that does not mislead and unduly influence the jury is not misconduct.[14]

[11] A mistrial is properly granted in a criminal case where an event occurs during the course of a trial that is of such a nature that its damaging effect cannot be removed by proper admonition or instruction to the jury and thus prevents a fair trial.[15] The defendant must prove that the alleged error actually prejudiced him or her, rather than creating only the possibility of prejudice.[16] We review the denial of a motion for mistrial for an abuse of discretion.[17]

---

[11] *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

[12] See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

[13] *Id.*

[14] See, *State v. Munoz, supra* note 11; *State v. Mrza, supra* note 12.

[15] *State v. Briggs, supra* note 3.

[16] *Id.*

[17] See *id.*

In this case, a review of the record supported the State's assertion that Schmaltz was driving without proof of financial responsibility—a copy of his insurance information obtained prior to trial showed that his insurance was expired. The State did not call the correct witnesses to prove up this charge, and it was accordingly dismissed. The fact that the charge was dismissed shows that even assuming the State's actions amounted to misconduct, Schmaltz did not show that he was prejudiced.

Schmaltz additionally argues that the State's attempt to prove the charge by inadmissible evidence affected his right to a fair trial. But he does not explain how the proffered testimony that his insurance did not pay Gomez' claim, which testimony was not admitted to support a charge that was dismissed, led to his conviction on a separate charge for leaving the scene of an accident.

We find no abuse of discretion in the district court's denial of the motion for mistrial. There is no merit to Schmaltz' final assignment of error.

### CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.