IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. HODGES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MICHAEL T. HODGES, JR., APPELLANT.

Filed April 14, 2020.    No. A-19-740.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

James N. Scarff II and Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

INTRODUCTION

Michael T. Hodges, Jr., appeals the Sarpy County District Court's denial of his motion for absolute discharge based upon an alleged violation of his statutory right to a speedy trial. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

On September 26, 2018, the State filed a two-count information charging Hodges with possession of firearm by prohibited person, a Class ID felony, and driving under revocation/court order, first offense, a Class II misdemeanor. The information was later amended to charge Hodges with possession of firearm by prohibited person, a Class ID felony; tampering with witness, informant, or juror, a Class IV felony; and violation of domestic violence protection order, a Class I misdemeanor.

- 1 -

On December 11, 2018, Hodges filed a motion to suppress. The suppression hearing was held January 4, 2019. At a March 4, hearing, the court declared, on the record, its findings and overruled Hodges' motion to suppress.

On March 11, 2019, the State filed a motion to endorse additional witnesses. At a hearing held March 18, the court granted the State's motion.

On May 6, 2019, the court held a pretrial conference, and the court noted jury trial was scheduled for May 16. On May 15, the day before the jury trial was set to begin, Hodges filed two motions in limine; one requesting the court preclude the State from presenting first-time in-court eyewitness identification of Hodges and the other requesting the court prohibit the State from disclosing that Hodges has been in prison. During a hearing held on May 16, the court denied both of Hodges' motions in limine.

Also on May 15, 2019, the State filed a request to produce discovery. During the May 16 hearing, the State offered an affidavit and explained a witness informed the State that she forgot to mention that Hodges made her write false statements related to the case and told her to notarize them and deliver them to the Sarpy County public defender's office. The court issued an order on May 16, sustaining the State's motion to produce evidence.

Also on May 16, 2019, the State moved for a continuance, filed a motion for leave to file an amended information, and filed a motion for bond review. The court issued an order the same day granting for good cause the State's motion to continue over Hodges' objection and also granting the State's motion for bond review. The court continued trial to July 11.

On June 4, 2019, defense counsel filed a motion to withdraw as counsel, which the court granted on June 11. The court appointed new counsel the same day.

On June 12, 2019, Hodges filed a motion to continue pretrial hearings scheduled for June 17 and filed a motion to continue the July 11 trial; however, on June 14, Hodges withdrew his motion to continue the trial. On June 19, the court granted Hodges' motion to continue the pretrial hearings. Subsequently, the court held a pretrial hearing on July 9 and issued an order on the matter the same day.

On June 26, 2019, Hodges filed a motion for discharge based on an alleged violation of his statutory and constitutional rights to a speedy trial. On July 18, the court denied Hodges' motion for absolute discharge noting there was time left on the speedy trial clock based on the following calculations:

September 26, 2018: Information is filed, and the last day to begin trial is March 25, 2019. Speedy trial clock begins to run.

September 27, 2018: Defendant files a Written Arraignment and Waiver of Physical Appearance. The pleading requests the Court to grant Defendant's Motion for mutual and Reciprocal Discovery. The Court rules on the motion for discovery on October 2, 2018. Speedy trial tolled 5 days.

December 11, 2018: Defendant files a motion to suppress. The Court issues its ruling on the motion on March 4, 2019. Speedy trial tolled 83 days.

May 16, 2019: [State] files a motion to continue which [was] granted with specific findings under Neb. Rev. Stat. § 29-1207 (4)(c)(i), (4)(c)(ii), and (4)(f). Trial continued to July 11, 2019. Speedy trial tolled 56 days.

June 12, 2019: Defendant files a motion to continue. Defendant withdraws the motion on June 14, 2019. Speedy trial tolled 2 days.

June 26, 2019: Defendant files this motion to discharge. Speedy trial tolled 22 days as of the date of this order.

Based on the motions, and in conjunction with the original Information, this Court finds speedy trial tolled for 168 days. The original trial date of March 25, 2019 is day 84. Adding 168 days to day 84 results in day 252 as the last day to begin trial. Day 252 lands on September 9, 2019. Consequently, this Court finds that September 9, 2019 would be the last day the State could bring Defendant to trial.

Hodges has timely appealed to this court.

## ASSIGNMENT OF ERROR

Hodges' sole assignment of error is that the district court erred in denying his motion for absolute discharge.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *Id*.

## ANALYSIS

Hodges argues that the district court erred in not granting his motion to discharge for two reasons. First, the court erred in granting the State's continuance based on the failure of the defense to disclose certain documents because the defense did not have a duty to disclose those documents as part of discovery. Second, Hodges asserts the State was not prejudiced by reviewing the documents the morning of his trial. As explained more fully below, without including any time attributable to the State's continuance, we determine time remained on the speedy trial clock when Hodges filed his motion for absolute discharge, and thus we conclude the court did not clearly err in denying Hodges' motion for discharge.

The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). See, *State v. Lovvorn, supra*; *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) provides, in part, that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Lovvorn, supra*; *State v. Vela-Montes, supra*.

"The primary burden of bringing an accused person to trial within the time provided by law is upon the State." *State v. Beitel*, 296 Neb. 781, 789, 895 N.W.2d 710, 718 (2017). "If the State does not bring a defendant to trial within the permitted time, as extended by any periods

excluded under § 29-1207(4), the defendant is entitled to absolute discharge from the offense charged." *State v. Beitel*, 296 Neb. at 789-90, 895 N.W.2d at 718. "The burden of proof is on the State to show, by a preponderance of the evidence, that one or more of the excluded periods under § 29-1207(4) are applicable." *State v. Beitel, supra*.

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Lovvorn, supra*; *State v. Vela-Montes, supra.* In the present case, the information was filed on September 26, 2018, giving the State until March 26, 2019, to bring Hodges to trial if there were no excludable days. While the parties both acknowledge there are excludable days, they disagree as to which days are excludable and what the permitted time was that the State had to bring Hodges to trial. Because we find the deadline for trial came after June 26, 2019, (the date Hodges filed his motion for absolute discharge) applying only excludable time attributable to Hodges' motion for reciprocal discovery, Hodges' motion to suppress, Hodges' motion in limine, Hodges' motion to continue the pretrial hearing, and defense counsel's motion to withdraw as counsel, we need not resolve other sources of dispute governing excludable time argued by Hodges.

First, we consider time excluded for Hodges' motion for reciprocal discovery. Several cases of the Nebraska Supreme Court, "plainly indicate that a motion for discovery filed by a defendant is a pretrial motion and that the time period during which it is pending should be excluded for speedy trial calculation purposes." *State v. Washington*, 269 Neb. 728, 730, 695 N.W.2d 438, 439-40 (2005). The Nebraska Supreme Court has recognized a defendant's motion for discovery falls under § 29-1207(4)(a); thus, the excludable days begin the day after the motion was filed and end when the court entered its final disposition, either granting or denying the motion. *State v. Washington, supra*. Here, Hodges filed a motion for reciprocal discovery on September 27, 2019, and the court granted his motion on October 2. Thus, counting from September 28 to October 2, 5 days are excludable for speedy trial calculation purposes.

Next, we calculate the excludable time attributable to Hodges' motion to suppress. The calculation of excludable time for a motion to suppress begins the day after the filing of the motion until the final disposition of the motion. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). On December 11, 2018, Hodges filed a motion to suppress, which the court denied on March 4, 2019. This resulted in 83 excludable days counting from December 12, 2018, to March 4, 2019.

We also note that days attributable to a defendant's motion in limine are excludable from the speedy trial period under § 29-1207(4)(a). *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008). Again, the excludable period commences on the day immediately after the filing of a defendant's pretrial motion and ends when the court enters its final disposition. *State v. Williams, supra*. In the present case, Hodges filed two motions in limine on May 15, 2019, and the court denied the motions on May 16. This resulted in 1 excludable day.

Next, we note that defense counsel filed a motion to withdraw as Hodges' counsel. A defense counsel's motion to withdraw is a pretrial motion tolling the speedy trial clock under the speedy trial statute; the speedy trial clock is tolled the day after the filing of a motion to withdraw until new counsel is appointed. *State v. Curry*, 18 Neb. App. 284, 790 N.W.2d 441 (2010). Here, defense counsel filed a motion to withdraw on June 4, 2019, which the court granted and appointed Hodges new counsel on June 11. Therefore, from June 5 to June 11, 7 excludable days resulted.

- 4 -

Finally, we determine the excludable time for Hodges' motion to continue the pretrial hearing. "[T]he calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends." *State v. Lovvorn*, 303 Neb. 844, 850, 932 N.W.2d 64, 69 (2019). On June 12, 2019, Hodges filed a motion to continue the pretrial hearing. On June 19, the court granted Hodges' motion to continue and held a pretrial hearing on July 9. Thus, 20 excludable days resulted, counting from June 20 to July 9.

These excludable periods alone extended Hodges' trial date 116 days from March 26, 2019, to Saturday July 20, making Monday, July 22, the last permissible day for trial under our calculations not including other potential excludable time periods. When Hodges filed his motion to discharge on June 26, trial was scheduled for July 11.

In *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014), the Nebraska Supreme Court held that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where: (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed; (2) discharge is denied; and (3) that denial is affirmed on appeal.

That is the precise situation presented in this case. Hodges' motion for absolute discharge resulted in the continuance of the trial previously scheduled for July 11, 2019. Hodges' motion and subsequent appeal have moved any trial many months beyond the time that potentially remained. Further, we conclude that Hodges' motion for discharge was properly denied. Accordingly, Hodges has waived his statutory right to a speedy trial and there is no need to calculate the exact number of days remaining on the speedy trial clock. See *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014).

In his reply brief, Hodges argues that in calculating the deadline for his trial under the speedy trial statutes, an appellate court cannot consider excludable periods not considered by the district court or argued by the State. In support of that proposition, Hodges cites *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009), wherein the Nebraska Supreme Court held that when ruling on a motion for absolute discharge, the trial court shall make specific findings of each period of excludable delay in addition to findings including the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods. Although Hodges cites to a correct statement of the law, it does not follow that a court's obligation to make such findings constrains an appellate court from separately calculating a speedy trial deadline by applying the speedy trial statute as dictated by the record in the case.

To the contrary, in *State v. Lovvorn, supra*, the Nebraska Supreme Court separately calculated days associated with the continuance of a pretrial conference as an excludable period in calculating the speedy trial deadline despite the fact that the district court did not utilize that excludable period in its original calculation.

Here, applying the facts in the record to Nebraska's speedy trial statute, the record establishes that Hodges' trial was set for July 11, 2019, with some number of days remaining on the speedy trial clock when Hodges filed his motion to discharge. Thus, we hold that the district court's determination that the charges should not be dismissed on speedy trial grounds was not

clearly erroneous. See *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019) (noting because there were days remaining on speedy trial clock when defendant filed his motion for discharge, his motion was properly denied). Accordingly, this assigned error fails.

CONCLUSION

For the reasons previously discussed, we affirm the district court's denial of Hodges' motion for absolute discharge.

AFFIRMED.