IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LONOWSKI

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KYLAN P. LONOWSKI, APPELLANT.

Filed August 4, 2020.    No. A-19-1046.

Appeal from the District Court for Valley County: KARIN L. NOAKES, Judge, on appeal thereto from the County Court for Valley County: KALE B. BURDICK, Judge. Judgment of District Court affirmed.

Dennis W. Morland and Melissa A. Wentling for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

PIRTLE, Judge.

INTRODUCTION

Kylan P. Lonowski appeals from an order of the district court for Valley County which affirmed the county court's decision to deny Lonowski's motion for absolute discharge based on speedy trial grounds. Based on the reasons that follow, we affirm.

BACKGROUND

On May 7, 2018, the State filed a complaint against Lonowski charging him with two counts of attempted possession of a controlled substance, Class I misdemeanors, in Valley County Court. A pretrial conference was scheduled for July 25. On July 25, Lonowski made a motion to continue the pretrial conference. The court granted the motion that same day and continued the pretrial conference to August 22.

- 1 -

On August 13, 2018, Lonowski filed a motion to suppress. A hearing on the motion was held on August 22 and the parties resolved the motion and Lonowski made an oral motion to continue the pretrial hearing. The court entered an order on September 11 reflecting the resolution of the motion to suppress and granting Lonowski's motion to continue the pretrial conference to October 24. On October 24, Lonowski filed another motion to continue the pretrial conference. The court granted the motion on October 26 and continued the pretrial conference to November 14.

On November 6, 2018, the clerk magistrate contacted the attorneys via email and advised them that Judge Schendt, who had been presiding over the case, would no longer be on the bench in Valley County as of December 31. Judge Burdick would be taking over as judge in Valley County and the judges decided that it would be best if Judge Burdick heard the remaining hearings. The clerk magistrate's email advised the attorneys that Judge Burdick would not be able to hold the pretrial hearing on November 14, unless it was done telephonically, and proposed several dates in November that he could attend in person. Further emails were exchanged between the parties' attorneys and the court and ultimately, it was determined that the pretrial hearing would be held on December 4. On November 30, the county court entered an "Order to Continue" which continued the November 14 pretrial conference date to December 4. The pretrial hearing took place on December 4, and a jury trial was scheduled for February 7-8, 2019.

On January 30, 2019, the clerk magistrate emailed the attorneys to advise them that jury summonses had not been sent out for the scheduled jury trial and that the trial would need to be rescheduled. Following a telephone conference with Judge Burdick and the attorneys, on January 31, the court entered an order continuing the jury trial and setting March 14-15 as the rescheduled trial date. On March 7, Lonowski filed a motion to dismiss the case on statutory and constitutional speedy trial grounds.

On March 18, 2019, the county court held a hearing on Lonowski's motion to dismiss, which the court treated as a motion for absolute discharge. The State introduced three exhibits into evidence: (1) the exchange of emails between the parties and the clerk magistrate concerning the November 14, 2018, pretrial conference; (2) the email from the clerk magistrate to the parties about the jury summonses not being sent out and the followup emails from the State's attorney; and (3) an affidavit from the clerk magistrate. Lonowski objected to the admission of all three exhibits, which the court overruled.

The clerk magistrate's affidavit explained that Judge Burdick was taking over in Valley County at the end of December 2018 and that he needed to become familiar with Lonowski's case since he would be the presiding judge. The affidavit also explained that it was her responsibility to contact the district court clerk to issue jury summonses whenever a jury trial is scheduled and she believed that she had contacted the clerk about Lonowski's trial. The clerk magistrate further stated that she did not have any written communication with the clerk, nor did she double check that jury summonses had been issued.

The county court denied Lonowski's motion for absolute discharge. The court first found a total of 110 days were excludable because of continuances granted at Lonowski's request. It further determined that by failing to object, Lonowski consented to the continuance ordered by the court on November 30, 2018, which continued the pretrial conference from November 14 to

December 4, and to the continuance ordered by the court on January 31, 2019, which continued the trial from February 7 to March 14. Therefore, pursuant to Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016), the court excluded the 4 days between November 30 (the day the order granting the continuance was ordered) and December 4, in addition to the 42 days between January 31 and March 14 for a total of 156 excludable days. The court determined that when those 156 days are added to the original statutory 6-month period, the State had until April 12, 2019, to bring Lonowski to trial. Trial was scheduled to begin on March 14 at the time Lonowski filed his motion for discharge.

The county court also concluded that the period of time between November 15 and November 30 was excludable for good cause under § 29-1207(4)(f) because the presiding judge in Valley County was changing at the end of the year. Accordingly, the court excluded an additional 16 days and found that the State had until April 28, 2019, to bring Lonowski to trial. Thus, the county court concluded that Lonowski's statutory right to a speedy trial had not been violated. The court also found no merit to Lonowski's claim that his constitutional right to a speedy trial was violated.

Lonowski appealed to the district court. The district court limited its review to plain error because Lonowski failed to file a statement of errors. The district court concluded that it could not find plain error in the county court's decision that Lonowski's failure to object constituted consent to the continuances of the November 14, 2018, pretrial conference and the February 7, 2019, trial date. The district court explained: "[Lonowski] had knowledge of the circumstances and acquiesced when he did not express opposition. [Lonowski] had plenty of opportunities to record an objection, but failed to do so." Lonowski did not argue the violation of his constitutional right to a speedy trial to the district court, but it nonetheless adopted the findings and analysis of the county court. The district court affirmed the decision of the county court, finding that when 156 days are excluded, the State had until April 12, 2019, to bring Lonowski to trial.

## ASSIGNMENTS OF ERROR

Lonowski assigns that the county court erred in (1) admitting the State's exhibits into evidence; (2) excluding the time period from November 30 to December 4, 2018, and the time period from January 31 to March 14, 2019, based on its finding that his failure to object to the continuances amount to consent of said continuances; and (3) finding good cause existed to exclude the time period from November 15 to 30, 2018, due to the changing of the presiding judge in Valley County.

## STANDARD OF REVIEW

In cases where no statement of error was filed and the district court reviewed for plain error, the higher appellate court likewise reviews for plain error only. See, *Houser v American Paving Asphalt*, 299 Neb 1, 907 N.W.2d 16 (2018); *State v. Harper*, 19 Neb. App. 93, 800 N.W.2d 683 (2011).

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

ANALYSIS

Although Lonowski assigns specific errors as set forth above, the State claims that *State v. McGinn*, 303 Neb. 224, 928 N.W.2d 391 (2019), *modified on denial of rehearing* 303 Neb. 931, 932 N.W.2d 83, precludes us from reviewing any error asserted as to the county court. Regardless of Lonowski's assigned errors, because he failed to file a statement of errors in the district court, our review is limited to plain error. Due to his failure to file a statement of errors, the district court reviewed only the county court's decision to exclude the 4 days between November 30 and December 4, 2018, and the 42 days between January 31 to March 14, 2019, for plain error and found none. We therefore limit our review to whether the exclusion of these two time periods constituted plain error.

Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Houser v. American Paving Asphalt, supra*.

The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). See *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019). Section 29-1207(1) provides, in part, that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Lovvorn, supra*.

The primary burden of bringing an accused person to trial within the time provided by law is upon the State. *State v. Beitel*, 296 Neb. 781, 895 N.W.2d 710 (2017). If the State does not bring a defendant to trial within the permitted time, as extended by any periods excluded under § 29-1207(4), the defendant is entitled to absolute discharge from the offense charged. *State v. Beitel, supra*. The burden of proof is on the State to show, by a preponderance of the evidence, that one or more of the excluded periods under § 29-1207(4) are applicable. *State v. Beitel, supra*.

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Lovvorn, supra.* Pursuant to § 29-1207(2), the 6-month period commences from the date the complaint is filed when the offense is a misdemeanor. In the present case, the complaint was filed on May 7, 2018, giving the State until November 7, 2018, to bring Lonowski to trial if there were no excludable days.

The county court first found that there were 110 days excludable between July 25 and November 14, 2018, as a result of continuances granted at Lonowski's request. Subsection (4)(b) of § 29-1207 allows for excluding periods of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel. The calculation for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). Lonowski does not dispute that

110 days should be excluded from the speedy trial calculation based on continuances granted at his request.

The county court found two other excluded periods under § 29-1207(4)(b) as a result of continuances ordered by the court. The first excluded period is the 4 days from November 30, 2018, when the court entered an order continuing the pretrial conference, to December 4, the date of the pretrial conference. The evidence showed email communication between the clerk magistrate and the parties' attorneys in regard to rescheduling the November 14 pretrial conference date because a different judge would be taking over the case. The clerk magistrate gave the parties the option of having the pretrial hearing by phone or rescheduling it. The evidence shows no resistance by Lonowski's counsel to continuing the pretrial hearing from November 14 to December 4. Accordingly, the county court found that although Lonowski did not request the continuance, by failing to object to the continuance, he and his counsel consented to the continuance, making the delay excludable under § 29-1207(4)(b).

The second period the county court excluded under § 29-1207(4)(b) was from January 31 to March 14, 2019. The clerk magistrate informed the parties, including Lonowski's counsel, on January 30, that the jury summonses were not sent out and that the trial date needed to be rescheduled. On January 31, the county court entered an order that rescheduled the jury trial set for February 7-8 to March 14-15. The county court found that Lonowski was aware of the reason for the continuance and did not object. Again, the county court determined that by failing to object, Lonowski was deemed to have consented to the continuance. Therefore, the court excluded that period of time, which amounts to 42 days.

In both instances of continuances initiated by the court, the district court concluded that the county court could find from the record that Lonowski consented to the continuances because he had knowledge of the circumstances and acquiesced when he did not express opposition. The district court found no plain error in the county court's determination that there were a total of 46 days excludable under § 29-1207(4)(b) based on the two continuances entered on the court's own motion. We agree that no plain error exists. Lonowski also argues that the county court erred in admitting the State's exhibits into evidence and in finding good cause existed pursuant to § 29-1207(4)(f) to exclude the time period from November 15 to 30, 2018. Because our analysis is limited to a plain error review and the district court did not address these issues, we do not address these two arguments. We find no plain error in the district court's affirmance of the county court's order denying the motion for discharge.

As previously stated, there were 110 excludable days based on continuances filed by Lonowski. When the 46 excludable days are added from the continuances initiated by the court, there are 156 excludable days. When those 156 days are excluded, the State had until April 12, 2019, to bring Lonowski to trial. Lonowski's motion for discharge filed on March 7, 2019, was premature.

A motion for discharge on speedy trial grounds is a request for a "continuance" within the meaning of the speedy trial statute providing that a defendant permanently waives the right if he requests a continuance resulting in a trial date beyond the 6-month trial period, because it requires the court to dispose of the motion before trial can be commenced. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014). Thus, Lonowski has waived his right to a speedy trial.

## CONCLUSION

We conclude that the district court did not err in determining there was no plain error in the county court's order denying Lonowski's motion for absolute discharge. Accordingly, the order of the district court is affirmed.

AFFIRMED.