Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/17/2021 08:11 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
WILLIAM BILLINGSLEY III,
APPELLANT.

___ N.W.2d ___

Filed June 25, 2021.    No. S-20-725.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

3. ____. To calculate the time for statutory speedy trial purposes, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

4. **Speedy Trial: Proof.** When calculating the time for speedy trial purposes, the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

5. **Speedy Trial: Motions for Continuance: Prosecuting Attorneys: Evidence.** Neb. Rev. Stat. § 29-1207(4)(c)(i) (Reissue 2016) provides that a continuance will extend the time of trial under the speedy trial provision if it is a continuance granted at the request of the prosecuting attorney because of the unavailability of evidence material to the State's case when the prosecutor has exercised due diligence to obtain such evidence and when there are reasonable grounds to believe that such evidence would be available at a later date.

6. **Speedy Trial: Motions for Continuance: Prosecuting Attorneys.** Neb. Rev. Stat. § 29-1207(4)(c)(ii) (Reissue 2016) provides that the period of delay resulting from a continuance granted at the request of the State

is excludable if it is granted to allow additional time to prepare a case and additional time is justified because of the exceptional circumstances of the case.

7. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

Appeal from the District Court for Morrill County: Andrea D. Miller, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

This is an appeal from an order of the district court for Morrill County overruling the motion of William Billingsley III for absolute discharge on statutory speedy trial grounds. We affirm the judgment of the district court.

BACKGROUND

On September 3, 2019, the State of Nebraska filed an information charging Billingsley with one count of assault in the first degree, one count of assault in the third degree, and one count of disturbing the peace. Billingsley had already filed a plea in abatement on August 28. On December 5, the court denied the plea in abatement and set the matter for arraignment on January 6, 2020.

The court conducted a pretrial conference on April 6, 2020, which was held via telephone due to the COVID-19 pandemic. The court recorded in a journal entry that it was "unable to safely assemble a jury panel and pick a jury at this time and [did] not know when a panel can be safely assembled." The court continued the scheduling of trial and set the matter for

a scheduling conference. On May 4, the court again conducted a telephonic conference, continued the scheduling of trial due to the COVID-19 pandemic, and set the matter for another scheduling conference. Billingsley did not object to these continuances.

On June 1, 2020, the parties appeared and the court scheduled a trial date of June 30. The court's journal entry stated that "[c]ounsel are to call the [c]ourt the week [of] June 15, 2020 to discuss the logistics of conducting the trial in light of the COVID-19 situation."

On June 25, 2020, the prosecution filed a motion to continue trial, with an affidavit supporting the motion. The prosecutor averred in his affidavit that he was attempting to secure the testimony of three doctors who "treated the victim in this case and are material witnesses as to the extent and potential permanency of his injuries." Two of the doctors advised through counsel that they would not appear absent a court order. On June 22, the prosecutor obtained the necessary certificate to obtain court orders for all three doctors. A hearing was set on the matter in Colorado on June 26. However, on June 25, the prosecutor received notice that he had tested positive for COVID-19. Because he was required to isolate for 14 days, the prosecutor could not attend the June 26 hearing or the June 30 trial.

The prosecutor requested a continuance, stating that "[p]ursuant to Neb. Rev. Stat. § 29-1206, there is a good cause to delay the trial in this matter . . . ." The prosecutor requested additional time for trial due to his illness and need to secure the attendance of material witnesses. The court granted the State's motion over Billingsley's objection. The court stated in its order that "any delay caused by the continuance would be taxed against the State for purposes of speedy trial."

On July 15, 2021, the court set the case for jury selection for August 11, with trial to commence on August 24. On August 11, Billingsley filed his motion for absolute discharge on speedy trial grounds. The court denied Billingsley's motion.

In its speedy trial calculation, the court identified the date the information was filed, which was September 3, 2019. By excluding the day the information was filed, counting forward 6 calendar months, and backing up one day, the court calculated March 3, 2020, to be the State's deadline to bring Billingsley to trial, if no additional time periods were excluded. The court then calculated the time periods to be excluded. The court found that due to Billingsley's filing of a plea in abatement, under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), a period of 93 days, from September 4 through December 5, 2019, should be excluded. Next, the court found that a second period of 84 days, "from April 3 [sic] [through] June 26, 2020," should be excluded. The court stated that there was sufficient good cause to exclude this period under § 29-1207(4)(f), because the scheduling of trial was delayed due to COVID-19 restrictions that were in place.

Based on the two excludable time periods, the court added 177 days to March 3, 2020. The court concluded that the State had to bring Billingsley to trial by August 27 and that Billingsley prematurely filed his motion for absolute discharge on August 11.

Billingsley appeals. We moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Billingsley assigns that the district court erred in denying his motion for absolute discharge.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[1]

---

[1] *State v. Jennings*, 308 Neb. 835, 957 N.W.2d 143 (2021); *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).

## ANALYSIS

[2] Billingsley contends that he was entitled to discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016).[2] Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed." Certain periods of delay are excluded from the speedy trial calculation. Section 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition, including "pleas in abatement." Section 29-1207(4)(c) excludes certain periods of delay "resulting from a continuance granted at the request of the prosecuting attorney." Section 29-1207(4)(f) provides that other periods of delay not specifically enumerated in the statute may be excluded in the speedy trial computation, "but only if the court finds that they are for good cause."

[3,4] To calculate the time for statutory speedy trial purposes, "a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried."[3] The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[4] If a defendant is "not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended

---

[2] *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[3] *Chapman, supra* note 1, 307 Neb. at 448, 949 N.W.2d at 493-94.

[4] *Jennings, supra* note 1. See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged."[5]

In this case, because the information was filed on September 3, 2019, we agree that the State had until March 3, 2020, to bring Billingsley to trial if there were no excludable days. In evaluating Billingsley's motion for absolute discharge, there are three relevant periods of delay we must consider.

First, we must consider the days to be excluded as a result of Billingsley's plea in abatement. Under § 29-1207(4)(a), the excludable period commences on the day immediately after the filing of a defendant's motion, and final disposition occurs on the date the motion is granted or denied.[6] Here, Billingsley and the State agree with the district court's calculation that, as a result of Billingsley's plea in abatement, there is an excludable period of 93 days, for the days between September 4 and December 5, 2019.

Second, as his sole assignment of error, Billingsley argues that the court erred in excluding the days from June 1 to 26, 2020, for good cause under § 29-1207(4)(f) due to the COVID-19 pandemic. As detailed above, the court held a conference on June 1, at which time the court set trial for June 30. The court recorded in its journal entries that "[t]he scheduling of a jury trial under the COVID-19 pandemic restrictions required planning, preparations, alternate locations and coordination to obtain PPE sufficient to keep jurors, litigants and court staff safe." The court noted that it had required the parties to participate in a telephonic conference the week of June 15 to discuss the logistics of conducting a jury trial during the pandemic. Therefore, the court found good cause to exclude the days from the April 6 pretrial conference to the State's motion to continue trial on June 26. Billingsley concedes that a period of 56 days, from April 6 to June 1, should be excluded and that overall, a total of 149 days should be excluded.

---

[5] § 29-1208.

[6] *Williams, supra* note 4.

Billingsley contends, however, that the State failed to meet its burden that the period from June 1 to 26, 2020, is an excludable period because the State did not submit any evidence to support the court's good cause determination. Relying on *State v. Baird*[7] and *State v. Rhoads*,[8] Billingsley argues that there is no evidence to substantiate the findings that the COVID-19 restrictions delayed the scheduling of trial, other than the statements of the trial court, which cannot be considered as evidence. Billingsley argues that the State had to commence his trial by July 30 and that his August 11 motion for absolute discharge should have been granted.

The State accepts Billingsley's concession that 149 days should be excluded. The State disagrees with Billingsley's argument that there is no evidence to support the court's finding that good cause existed to exclude June 1 to 26, 2020. The State argues, however, that it is not necessary to address Billingsley's argument that June 1 to 26 should not be excluded, because the record shows that based on the State's continuance, a third period of 46 days should be excluded, from June 26 to August 11. For reasons we explain, we find the State's position to have merit, and we find the excludable period from June 26 to August 11 to be dispositive of the speedy trial issue. Therefore, we do not address whether there is any merit to Billingsley's argument that June 1 to 26 should not be excluded. Rather, we will assume in our analysis that June 1 to 26 should not be excluded and demonstrate that as a result of the excludable period between June 26 and August 11 the court did not err in denying Billingsley's motion for discharge.

[5,6] Section 29-1207(4)(c)(i) provides that a continuance will extend the time of trial under the speedy trial provision if it is a continuance granted at the request of the prosecuting

7 *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

8 *State v. Rhoads*, 11 Neb. App. 731, 660 N.W.2d l81 (2003), *overruled on other grounds, State v. Petty*, 269 Neb. 205, 691 N.W.2d 101 (2005).

attorney because of the unavailability of evidence material to the State's case when the prosecutor has exercised due diligence to obtain such evidence and when there are reasonable grounds to believe that such evidence would be available at a later date.[9] Section 29-1207(4)(c)(ii) provides that the period of delay resulting from a continuance granted at the request of the State is excludable if it is granted to allow additional time to prepare a case and additional time is justified because of the exceptional circumstances of the case.[10] The calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends.[11] A motion for continuance is addressed to the discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for continuance will not be disturbed on appeal.[12]

The State argues that the third excludable period was established when the court granted the prosecutor's motion to continue trial on June 26, 2020. The State argues the prosecutor's affidavit in support of the motion for continuance satisfied the requirements of §§ 29-1207(4)(c)(i) and (ii). More specifically, the State argues under § 29-1207(4)(c)(i) that the prosecutor's affidavit demonstrated the need for a continuance due to the unavailability of material witnesses, the prosecutor's exercise of due diligence in obtaining these witnesses, and the reasonable grounds to believe that such witness testimony would be available at a later date. We agree that the prosecutor's affidavit satisfies the requirements of § 29-1207(4)(c)(i) and find no evidence to the contrary. The prosecutor explained that the testimony sought went to the nature of the victim's injuries,

---

[9] *State v. Roundtree*, 11 Neb. App. 628, 658 N.W.2d 308 (2003). See, *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997); *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

[10] See *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

[11] *Lovvorn, supra* note 2.

[12] *Turner, supra* note 9.

that legal proceedings had been scheduled to obtain the necessary medical testimony, and that this process would have been timely completed but for the prosecutor's positive test for COVID-19. Furthermore, we conclude that the prosecutor's affidavit satisfies the requirements of § 29-1207(4)(c)(ii) to allow the prosecuting attorney additional time to prepare the State's case because of exceptional circumstances. The circumstances addressed in the prosecution's motion showed sufficient need for more time, given that he received his diagnosis only 5 days before trial and was in the position of finding substitute counsel for trial, as well as for the out-of-state witness matters. The court acted within its discretion in granting the State's request for continuance.

[7] Because we conclude that an additional 46 days should be excluded under § 29-1207(4)(c), we conclude that the State carried its burden of proving that there are 195 excludable days. The State had until September 14, 2020, to bring Billingsley to trial. Billingsley prematurely filed his motion for discharge on August 11. We conclude that the district court did not err in denying Billingsley's motion for discharge. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[13] Billingsley's appeal is without merit.

CONCLUSION

We affirm the judgment of the district court denying Billingsley's motion for absolute discharge.

AFFIRMED.

HEAVICAN, C.J., not participating.

---

[13] *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).