IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RUDLOFF

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWN S. RUDLOFF, APPELLANT.

Filed October 17, 2023.    No. A-23-178.

Appeal from the District Court for Sioux County: TRAVIS P. O'GORMAN, Judge, on appeal thereto from the County Court for Sioux County: RUSSELL W. HARFORD, Judge. Judgment of District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Shawn S. Rudloff appeals the decision of the district court for Sioux County to affirm the order of the county court for Sioux County which denied his motion for absolute discharge on speedy trial grounds. We affirm the judgment of the district court.

BACKGROUND

On September 21, 2021, the State filed a complaint against Rudloff charging him with one count of driving under the influence of alcohol; second offense. After arraignment, Rudloff filed a motion to quash and a motion to suppress on January 7, 2022. The court denied the motion to quash on the same day but did not rule on the motion to suppress until March 21. On May 3,

- 1 -

Rudloff filed a motion to modify conditions of bond. The court issued its order on that motion on May 4.

On April 11, 2022, the State requested a trial date of May 23, 24, or 31. The court set trial for May 31 in Sioux County, Nebraska. However, following the trial date being set, the State informed the court that one of its key witnesses would not be available on that date. This witness, Erienne TeSelle, was the forensic scientist who conducted Rudloff's blood alcohol test.

On April 19, 2022, the State filed a motion to continue the May 31 trial date. A hearing was held on May 6. At this hearing, the State offered three affidavits into evidence. Two of these affidavits were from TeSelle where she indicated that she was unavailable to testify on May 31. She stated she was observing the Memorial Day holiday at a family event in St. Louis, Missouri, and would be unable to travel to Sioux County, Nebraska, the following day. She went on to state that she would be available to testify on June 28. The third affidavit came from the prosecuting attorney. He stated that TeSelle was a material witness because she was responsible for testing Rudloff's blood sample for its alcohol content. He continued to state that he had used due diligence in making TeSelle available to testify and succeeded in making her available on June 28. On the same day of the hearing, May 6, the court granted the State's motion to continue over Rudloff's objections. A new trial date was set for June 28.

On June 17, 2022, Rudloff filed a motion for absolute discharge asserting the speedy trial clock had run. The county court denied the motion and calculated the excludable time for Rudloff's speedy trial clock. It found that absent any excludable time, the clock would have run on March 21, 2022; 180 days after his complaint was filed. However, there were 73 days between Rudloff filing his motion to suppress and the court ruling on it. This pushed the expiration date for his speedy trial clock back to June 2, 2022. Although the court's order did not decide whether Rudloff's motion to modify bond conditions tolled the clock, it indicated that it was inconsequential. Because the original trial date had been set for May 31, 2022, it did not matter whether the motion to modify bond conditions pushed the expiration date back one day to June 3.

The court went on to state that if TeSelle had been available on May 31, that trial would have been within Rudloff's speedy trial time frame. Because the State showed "good cause as to both the materiality and unavailability of [TeSelle]," the time between either June 2 or June 3 until the rescheduled trial date of June 28 would be excluded.

Rudloff appealed this decision to the district court. In affirming the county court's decision, the district court calculated the number of excludable periods. It first agreed that the period related to Rudloff's motion to suppress, January 7 until March 21, tolled the clock for 73 days. It then concluded Rudloff's motion to modify bond conditions tolled the clock for an additional day. It also found the State's motion to continue was properly granted and the period from May 31, when the original trial was set to occur, until June 17, when the motion to discharge was filed, was properly excluded.

Finally, after indicating there was no dispute as to the materiality of TeSelle's testimony for the State's case, the district court agreed the State showed due diligence in obtaining her testimony. It stated:

> The State immediately moved to continue on April 19, 2022[,] after learning that the material witness would not be available on that date. The hearing on the motion to continue was heard on May 6, 2022. The motion to continue was properly granted and the trial was

set for June 28, 2022[,] when all parties, the witnesses and the Court were available. Due diligence was exercised.

ASSIGNMENT OF ERROR

Rudloff assigns that the district court erred in affirming the denial of his motion for absolute discharge.

STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021).

ANALYSIS

Rudloff contends that he was entitled to discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). *State v. Billingsley, supra.* Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months." *State v. Billingsley, supra.* Section 29-1207(2) generally provides that the six-month period shall commence to run from the date the indictment is returned or the information filed. *State v. Billingsley, supra.*

However, certain periods of delay are excluded from the speedy trial calculation. Section 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition. *State v. Billingsley, supra.* In addition, § 29-1207(4)(c) excludes certain periods of delay resulting from a continuance granted at the request of the prosecuting attorney. *State v. Billingsley, supra.* Pursuant to that section, a period of delay due to the unavailability of material evidence is excludable provided that the prosecuting attorney demonstrates they "exercised due diligence to obtain such evidence" and that "there are reasonable grounds to believe that such evidence will be available at the later date." § 29-1207(4)(c)(i).

To calculate the time for statutory speedy trial purposes, "a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried." *State v. Billingsley*, 309 Neb. at 621, 961 N.W.2d at 543. The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4). *State v. Billingsley, supra.* As provided in § 29-1208, if a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged. *State v. Billingsley, supra.*

As his sole assignment of error, Rudloff argues the district court erred in affirming the county court's denial of his motion for absolute discharge. Rudloff does not dispute that TeSelle's testimony was material to the State's case. Instead, he argues the period from when the trial was originally set on May 31, 2022, until the rescheduled date of June 28, 2022, should not have been

excluded because the State failed to exercise due diligence in making sure its witness was available before setting a trial date.

We begin by determining the expiration date of Rudloff's speedy trial clock while factoring in excludable periods. The complaint was filed on September 21, 2021. Excluding the date the complaint was filed, counting forward 6 months and backing up one day leaves March 21, 2022, as the expiration date if there were no excludable periods. However, there were two excludable periods prior to the State's motion to continue. Section 29-1207(4)(a) clearly states that periods of delay resulting from a defendant's filing of pretrial motions are excludable. The statute lists both motions to suppress and motions to quash as examples of applicable pretrial motions. § 29-1207(4)(a). For delays due to a defendant's pretrial motion, the excludable period commences on the day immediately after the filing of the pretrial motion and ends on the date the motion is granted or denied. *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009). Rudloff filed motions to suppress and quash on January 7. While the motion to quash was decided on the same day, the motion to suppress was not ruled on until March 21, 2022. This leaves a 73-day excludable period. Excluding the 73-day delay, the new expiration date for Rudloff's speedy trial clock became June 2, 2022.

Rudloff then filed a motion to modify conditions of bond on May 3, 2022. The court ruled on this motion the next day, May 4. While a motion to modify conditions of bond is not explicitly listed within § 29-1207(4)(a)'s list of pretrial motions that toll the speedy trial clock, "Nebraska appellate courts have held in numerous cases that pretrial motions not specifically enumerated in § 29-1207(4)(a) still constitute excludable time." *State v. Webb*, 311 Neb. 694, 702, 974 N.W.2d 317, 323 (2022). In *Webb*, the Nebraska Supreme Court found that several pretrial motions initiated excludable periods. These motions included a motion to disclose intent to use evidence of other crimes, wrongs, or acts, a motion to disclose intent to use evidence of prior convictions for impeachment, a motion to allow the defendant to wear civilian clothing when in the presence of the jury and a motion to remove the defendant's restraints when in the presence of the jury. *Id.* We see no reason why a motion to modify conditions of bond should be treated differently. Therefore, the one-day period between Rudloff filing his motion and the county court ruling on it constitutes an excludable period. This pushed the expiration of his speedy trial clock to June 3, 2022.

With that determination, we now decide whether Rudloff's motion for absolute discharge was properly denied. We agree that it was. As stated, § 29-1207(4)(c) excludes:

> The period of delay resulting from a continuance granted at the request of the prosecuting attorney, if:
>
> > (i) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date. . . .

We agree that the affidavits offered by the State satisfy the requirements of § 29-1207(4)(c). The affidavits of TeSelle and the prosecutor demonstrated the need for a continuance due to the unavailability of TeSelle, a material witness. They explain that TeSelle was

the individual who conducted the testing of Rudloff's blood sample. In a criminal action for driving under the influence, the witness that conducted such testing is clearly a material witness.

Further, the affidavits demonstrate the prosecution exercised due diligence in securing TeSelle as a witness as well as reasonable grounds to believe that her testimony would be available at a later date. The State discovered that TeSelle was not going to be available 7 weeks before the scheduled trial date and sought to change the date somewhere around a week after it was set. TeSelle's affidavit specified her absence was due to her being out of the state the day prior to the trial and having insufficient time to travel to Sioux County, Nebraska. Further, the prosecutor's affidavit indicated that the increased time before trial was not only due to TeSelle's busy schedule, but also the other witnesses' schedules, his schedule, and the defense counsel's schedule. As the problem was identified well in advance of the original trial date and measures were promptly taken to secure the availability of TeSelle's testimony, we find the State exercised due diligence. Further, TeSelle's affidavit provided that she would be available to provide testimony on June 28, 2022. This sufficiently established reasonable grounds to believe that her testimony would be available at that later date. With these findings, the period of delay related to the State's motion to continue was properly excluded and Rudloff's motion for absolute discharge was properly denied.

While we agree with the district court that the motion for absolute discharge was properly denied, we disagree with the district court's calculation of excludable time. The district court articulated the excludable period related to the State's motion to continue began on May 31, 2022, the original trial date, and extended until June 17, when Rudloff filed his motion for absolute discharge. This is incorrect. The calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019). Therefore, the excludable period related to the continuance began on May 7, the day after it was granted, and would have ended upon the start of the trial on June 28. But Rudloff's motion for absolute discharge, filed on June 17, was an independent tolling action that tolled the clock past the June 28 trial date. Therefore, the excludable period began on May 7 and extended past the timely trial date set for June 28.

However, this calculation error is inconsequential because Rudloff waived his right to a speedy trial. In *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014), the Supreme Court found that the defendant waived his statutory right to a speedy trial by filing a motion and an appeal that resulted in any future trial date being set beyond the statutory six-month speedy trial period. Rudloff filed his motion for absolute discharge on June 17, 2022. This motion and its subsequent appeal resulted in the proceedings extending beyond the statutory six-month trial period. Because Rudloff's motion resulted in the continuance of a timely trial date outside the statutory 6-month period, he has waived his statutory right to a speedy trial. Once a defendant has waived his statutory right to a speedy trial, "an exact calculation of days remaining on the speedy trial clock is no longer required." *Id.* at 684, 844 N.W.2d at 684. Considering Rudloff's waiver, it is not necessary to calculate the amount of time remaining to bring him to trial under § 29-1207.

CONCLUSION

We affirm the judgment of the district court affirming the county court's denial of Rudloff's motion for absolute discharge.

AFFIRMED.