Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/26/2022 12:07 PM CDT

State of Nebraska, appellee,
v. Yohan Webb, appellant.

___ N.W.2d ___

Filed June 3, 2022.    No. S-21-356.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's
determination as to whether charges should be dismissed on speedy trial
grounds is a factual question which will be affirmed on appeal unless
clearly erroneous.
2. **Courts: Appeal and Error.** Both the district court and a higher appel-
late court generally review appeals from the county court for error
appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors
appearing on the record, an appellate court's inquiry is whether the deci-
sion conforms to the law, is supported by competent evidence, and is
neither arbitrary, capricious, nor unreasonable.
4. **Appeal and Error.** An appellate court independently reviews questions
of law in appeals from the county court.
5. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb.
Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).
6. **____.** To calculate the time for statutory speedy trial purposes, a court
must exclude the day the complaint was filed, count forward 6 months,
back up 1 day, and then add any time excluded under Neb. Rev. Stat.
§ 29-1207(4) (Reissue 2016) to determine the last day the defendant can
be tried.
7. **Speedy Trial: Proof.** When calculating the time for speedy trial pur-
poses, the State bears the burden to show, by a preponderance of the
evidence, the applicability of one or more of the excluded time periods
under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).
8. **Statutes: Legislature: Intent.** In construing a statute, a court must
determine and give effect to the purpose and intent of the Legislature
as ascertained from the entire language of the statute considered in its
plain, ordinary, and popular sense.

9. **Statutes: Words and Phrases.** The word "including," when used in a statute, introduces examples, not an exhaustive list.
10. **Constitutional Law: Speedy Trial: Final Orders.** A pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020).

Appeal from the District Court for Lancaster County, Robert R. Otte, Judge, on appeal thereto from the County Court for Lancaster County, Matthew L. Acton, Judge. Judgment of District Court affirmed in part, and in part dismissed.

Joshua D. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Yohan Webb appeals from an order of the district court for Lancaster County, Nebraska, which affirmed the county court's decision to overrule Webb's motion for absolute discharge on statutory and constitutional speedy trial grounds. We affirm in part, and in part dismiss.

## BACKGROUND

The State of Nebraska filed a criminal complaint against Webb on June 3, 2019, in the county court for Lancaster County. On August 5, Webb filed several pretrial motions, including a motion for disclosure of intention to use evidence of other crimes, wrongs, or acts; a motion for disclosure of intention to use evidence of prior convictions for impeachment; a motion to allow Webb to wear civilian clothing when in the presence of the jury; a request for a *Jackson v. Denno*[1]

---

[1] *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964).

hearing; a motion to remove Webb's restraints when in the presence of the jury; a motion for sequestration of the witnesses; and a motion in limine. Webb's filings did not include a notice of hearing and were not heard or ruled upon by the court.

On August 9, 2019, Webb filed a motion for a competency evaluation. At a hearing held September 5, the court found Webb incompetent to stand trial and ordered him committed to a psychiatric hospital for appropriate treatment to remove the disability. On February 5, 2020, a doctor opined Webb was competent to stand trial. The court set a hearing regarding Webb's competency for March 17, but the matter was continued three times, until May 8, when the court found Webb competent to stand trial and scheduled the case for a jury trial during the court's July 6 jury term.

On July 1, 2020, Webb requested appointment of substitute counsel and filed numerous pretrial motions, like those filed on August 5, 2019. On July 9, 2020, the court sustained Webb's motion for substitute counsel and continued trial to August 5. Also on July 9, Webb filed a motion for discovery which, to date, has not been ruled upon. On August 5, Webb moved for a continuance, which the court granted. That same day, the court set the matter for a pretrial conference to be heard on August 10 and a jury trial for the September jury term. Webb failed to appear for the pretrial conference, and a bench warrant was issued for his arrest. Webb was arrested on October 10. On October 24, Webb filed a motion for absolute discharge, alleging violations of his statutory and constitutional speedy trial rights.

The county court issued an order overruling Webb's motion, generally finding that Webb's August 5, 2019, motions had stopped the speedy trial clock under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016). Webb appealed, and the district court affirmed, agreeing with the county court that Webb's August 5 motions had stopped the speedy trial clock. For completeness, the district court found there were additional

time periods that would be excludable from the speedy trial calculation.

Webb appeals.

## ASSIGNMENTS OF ERROR

Webb assigns, restated and consolidated, that the district court erred in affirming the county court's decision, because (1) the State did not meet its burden of proving that time periods were excludable under § 29-1207(4), (2) time attributable to Webb's competency proceedings should not have been excluded, and (3) the length of delays in bringing the case to trial violated Webb's constitutional speedy trial rights.

## STANDARD OF REVIEW

[1-4] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[2] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.[3] When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[4] However, an appellate court independently reviews questions of law in appeals from the county court.[5]

## ANALYSIS

[5] Webb contends that he was entitled to discharge because the State violated his statutory right to a speedy trial. The statutory right to a speedy trial is set forth in § 29-1207 and

---

[2] *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022); *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021).

[3] *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020).

[4] *Id*.

[5] *Id*.

Neb. Rev. Stat. § 29-1208 (Reissue 2016).[6] Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the "six-month period shall commence to run from the date the indictment is returned or the information filed." This court has held that Nebraska's speedy trial statutes are applicable to prosecutions in county court which are commenced by the filing of a criminal complaint.[7] Certain periods of delay are excluded from the speedy trial calculation. Section 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition.

[6,7] To calculate the time for statutory speedy trial purposes, "'a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.'"[8] The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[9] If a defendant is "not brought to trial before the running of the time for trial as provided for in section 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged."[10]

The timeline in this matter is uncontroverted. The State filed a criminal complaint against Webb in county court on June 3, 2019. In county court, at the hearing on Webb's motion for discharge, the court stated in oral findings that the original speedy trial deadline was December 3. As of August 2,

---

[6] *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

[7] *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020).

[8] *Id*. at 448, 949 N.W.2d at 493-94.

[9] *Billingsley, supra* note 2.

[10] § 29-1208.

Webb's trial was scheduled for the August 5 through 16 jury term. On August 5, Webb filed seven pretrial motions that remain pending. The court found, pursuant to § 29-1207(4)(a), that Webb's pretrial motions stopped the speedy trial clock on August 5, meaning Webb had awaited trial for only 64 days. The court therefore overruled Webb's motion for absolute discharge based on statutory speedy trial rights. Additionally, the court denied Webb's motion based upon his constitutional speedy trial right.

Webb appealed to the district court. Webb's amended statements of errors asserted the county court erred in (1) overruling his motion for discharge, (2) determining that the State met its burden of proof, and (3) applying the statutory grounds for excluding time under § 29-1207(4)(a). The district court concluded that Webb's appeal "offer[ed] no authority and has no real argument disputing the County Court's determination that the pretrial motions stopped the clock on August 5, 2019." The district court agreed with the county court's analysis that the August 5 pretrial motions stopped the speedy trial clock and affirmed the county court's decision to overrule Webb's motion for absolute discharge based on statutory and constitutional speedy trial rights.

On appeal from the district court's order to this court, Webb contends his August 5, 2019, motions should not be considered when calculating excludable time because the motions were not specifically enumerated in § 29-1207(4)(a) and because the motions did not cause any delay in bringing his case to trial.

Section 29-1207(4)(a) provides:

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including, but not limited to, an examination and hearing on competency and the period during which he or she is incompetent to stand trial; the time from filing until final disposition

of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue; and the time consumed in the trial of other charges against the defendant.

Webb's argument that his August 5, 2019, motions did not cause any delay in bringing his case to trial is inapposite to our jurisprudence. Moreover, Webb candidly admitted in his brief that his argument has previously been rejected by this court.

We have consistently held the plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the delay of disposition.[11] Additionally, we have recognized that under § 29-1207(4)(a), the period of delay is defined by the statute itself as the period between the filing and final disposition of the pretrial motion.[12] Because a period of delay is generally synonymous with a period of time, excludable periods can result from delays in the progression of a criminal case regardless of whether the trial date was postponed or remained unchanged.[13] As such this argument is without merit.

Webb's argument that because his motions were not the same type of motions as those specifically listed in § 29-1207(4)(a), the motions do not qualify as pretrial motions for purposes of calculating excludable time, is also without merit.

On August 5, 2019, Webb filed a motion for disclosure of intention to use evidence of other crimes, wrongs, or acts;

---

[11] *State v. Washington*, 269 Neb. 728, 695 N.W.2d 438 (2005), citing *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004). See *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

[12] *Williams, supra* note 11.

[13] *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021). See, *Lovvorn, supra* note 6; *State v. Feldhacker*, 267 Neb. 145, 672 N.W.2d 627 (2004).

a motion for disclosure of intention to use evidence of prior convictions for impeachment; a motion to allow Webb to wear civilian clothing when in the presence of the jury; a request for a *Jackson v. Denno* hearing[14]; a motion to remove Webb's restraints when in the presence of the jury; a motion for sequestration of the witnesses; and a motion in limine. Webb argues his August 5 motions are not governed by § 29-1207(4)(a), because they were not "motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement, and motions for a change of venue." Webb's argument focuses on § 29-1207(4)(a)'s phrase "including, but not limited to" and argues that absent authority that the Legislature's inclusion of the language "but not limited to" in reference to "other proceedings concerning the defendant" in contrast to its use of just the word "including" with respect to pretrial motions to the defendant shows an intent to establish an exclusive list of pretrial motions.

[8,9] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[15] This court has recognized the conventional wisdom that the word "including" introduces examples, not an exhaustive list.[16] We have held that the word "include," as used in a statute, connotes that the provided list of components is not exhaustive and that there are other items includable that are not specifically enumerated.[17]

---

[14] *Jackson, supra* note 1.

[15] *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020).

[16] *In re Interest of Seth C.*, 307 Neb. 862, 951 N.W.2d 135 (2020), citing Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 132 (2012).

[17] *In re Interest of Seth C., supra* note 16; *State v. Jedlicka*, 305 Neb. 52, 938 N.W.2d 854 (2020); *Stephens v. Stephens*, 297 Neb. 188, 899 N.W.2d 582 (2017), citing *Samantar v. Yousuf*, 560 U.S. 305, 130 S. Ct. 2278, 176 L. Ed. 2d 1047 (2010).

The Legislature's decision to pair the word "including" with a belt-and-suspenders phrase such as "but not limited to" does not alter the meaning of "including."[18] "Including" indicates a nonexhaustive list, and adding "but not limited to" aids in emphasizing the nonexhaustive nature.[19] "'Even though the word *including* itself means that the list is merely exemplary and not exhaustive, the courts have not invariably so held. So the longer, more explicit variations are necessary in the eyes of many drafters.'"[20] "Even so, the commonness of these belts-and-suspenders phrases does not lessen the exemplariness of *include*."[21] Thus, based on the plain and ordinary meaning of the word "including," under § 29-1207(4)(a), we reject Webb's argument.

We again hold that the pretrial motions listed under § 29-1207(4)(a) are provided as examples and are not intended to be an exhaustive list.

Furthermore, Nebraska appellate courts have held in numerous cases that pretrial motions not specifically enumerated in § 29-1207(4)(a) still constitute excludable time.[22]

---

[18] See *Timberlake v. Douglas County*, 291 Neb. 387, 865 N.W.2d 788 (2015), citing Black's Law Dictionary 880 (10th ed. 2014).

[19] See, *U.S. v. Philip Morris USA Inc.*, 566 F.3d 1095 (D.C. Cir. 2009); *Spine Soc. v. Health Benefits Bd.*, 453 N.J. Super. 94, 180 A.3d 333 (2018).

[20] Scalia & Garner, *supra* note 16 at 133, quoting Garner's Dictionary of Legal Usage 439-40 (3d ed. 2011) (emphasis in original).

[21] *Id*. (emphasis in original).

[22] See, *State v. Smith*, 286 Neb. 856, 839 N.W.2d 333 (2013) (defendant's pretrial motion to sever tolled speedy trial period); *Williams, supra* note 11 (discovery motion created excludable period for speedy trial calculation); *State v. Baker*, 264 Neb. 867, 652 N.W.2d 612 (2002) (motion to discharge was excludable time); *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997) (motions for DNA testing and private investigator were excludable for speedy trial calculation); *State v. Shipler*, 17 Neb. App. 66, 758 N.W.2d 41 (2008) (25 days attributable to defendant's motion in limine were excludable); *State v. Summage*, No. A-19-1129, 2020 WL 6589973 (Neb. App. Nov. 5, 2020) (motion for production of victim's mental health records tolled speedy trial time).

We have also said that "'[w]here a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.'"[23] As such, we are not persuaded by Webb's argument.

The district court and the county court correctly found that § 29-1207(4)(a) applies to Webb's August 5, 2019, motions and that Webb's motions stopped the speedy trial clock on the date he filed them. Because the undisputed record shows the State carried its burden of showing an excludable time period under § 29-1207(4), we affirm the analysis and dispositions of the district court and the county court.

Webb asserts further arguments regarding his statutory speedy trial rights. However, given our conclusion that Webb's speedy trial clock stopped on August 5, 2019, and calculation that only 64 days have passed since the filing of the criminal complaint, we need not address Webb's remaining arguments. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[24]

[10] Lastly, Webb contends lengthy delays in competency proceedings violated his constitutional speedy trial rights. "[T]he constitutional right to a speedy trial and the statutory implementation of that right exist independently of each other."[25] As we recently held, a pretrial order denying a motion for discharge on constitutional speedy trial grounds does not affect a substantial right in a special proceeding for purposes of Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020).[26] We lack appellate jurisdiction to review Webb's

---

[23] *State v. Coble*, 299 Neb. 434, 445, 908 N.W.2d 646, 655 (2018).

[24] *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

[25] *State v. Brooks*, 285 Neb. 640, 643, 828 N.W.2d 496, 499 (2013).

[26] *State v. Moody, ante* p. 143, 970 N.W.2d 770 (2022); *Abernathy, supra* note 2.

claim that he was entitled to absolute discharge on constitutional speedy trial grounds. We therefore dismiss that aspect of Webb's appeal.

## CONCLUSION
For the reasons stated herein, we affirm in part, and in part dismiss.

Affirmed in part, and in part dismissed.