Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/21/2023 08:04 AM CST

State of Nebraska, appellee, v.
Travis T. Svendgard, appellant.

___ N.W.2d ___

Filed February 14, 2023.    No. A-22-202.

1. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
2. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
3. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.
4. **Search and Seizure: Search Warrants.** In the absence of a clear showing of prejudice, the failure to comply strictly with postservice statutory requirements will not invalidate a search conducted pursuant to an otherwise valid warrant.

Appeal from the District Court for Washington County, John E. Samson, Judge, on appeal thereto from the County Court for Washington County, Francis W. Barron III, Judge. Judgment of District Court affirmed.

David V. Drew, of Drew Law Firm, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Pirtle, Chief Judge, and Arterburn and Welch, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

Travis T. Svendgard appeals from the order of the district court for Washington County which affirmed the order of the Washington County Court denying Svendgard's pretrial motion to suppress evidence obtained pursuant to a search warrant executed in violation of Neb. Rev. Stat. § 29-815(1) (Reissue 2016). For the reasons that follow, we affirm.

## BACKGROUND

The underlying facts of this case are not in dispute. On March 7, 2021, a law enforcement officer, Miranda Anderson, conducted a traffic stop after she observed Svendgard driving with a defective headlight. Upon making contact with Svendgard, Anderson detected the odor of alcohol and observed that Svendgard's eyes were bloodshot and watery. Anderson arrested Svendgard, and the parties stipulated there was probable cause for that arrest. Anderson transported Svendgard to the police department for a definitive breath test, but the "DataMaster" machine was not working, so Anderson had to obtain a search warrant to authorize a blood draw. Anderson's body camera footage shows her advising Svendgard that she was leaving to obtain the search warrant and would return to transport him to a hospital for the blood draw.

Anderson drafted an affidavit and a proposed warrant, and she contacted Judge Francis W. Barron III of the Washington County Court via telephone. Thereafter, Anderson drove to Judge Barron's residence and presented him with the affidavit and proposed warrant, and Judge Barron signed the search warrant authorizing a blood draw. Anderson then transported Svendgard to the hospital and observed hospital staff conduct the blood draw. Svendgard's blood alcohol content was .093 grams per 100 milliliters of blood. Following the blood draw, Anderson's body camera footage shows her handling a copy of the signed search warrant in Svendgard's presence and discussing the warrant with medical staff. However,

Svendgard was never actually provided with a copy of the search warrant.

On March 29, 2021, the State filed a criminal complaint in Washington County Court charging Svendgard with one count of driving under the influence of alcohol. On May 24, Svendgard filed a motion to suppress the results of the blood draw on the grounds that Anderson failed to give him a copy of the warrant, as required by § 29-815. Svendgard also alleged certain other defects in the warrant which are not at issue on appeal. The hearing on Svendgard's motion to suppress and trial on the State's criminal complaint were both held on September 1.

On the motion to suppress, the parties stipulated that Anderson failed to give Svendgard a copy of the warrant. The State argued that defect was merely "ministerial," such that suppression was not proper absent a showing of prejudice. Svendgard, on the other hand, argued that that rule only applies to "post-service statutory requirements," and the defects in this case were violations of "service" requirements. The county court agreed with the State and denied the motion to suppress, finding that the defects complained of were "ministerial act[s]" and that Svendgard suffered "no clear prejudice."

After trial, the county court found Svendgard guilty of driving under the influence and sentenced him accordingly. Svendgard appealed to the district court, challenging only the county court's denial of his motion to suppress. On February 28, 2022, the district court entered an order affirming the county court's denial of the motion to suppress. The district court concluded that "under the facts of this case, the error was ministerial in nature and de minimis, and does not rise to the level of having the evidence suppressed." Svendgard appealed to this court.

## ASSIGNMENT OF ERROR

Svendgard assigns, restated, that the district court erred in affirming the county court's denial of his motion to suppress.

## STANDARD OF REVIEW

[1-3] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* However, an appellate court independently reviews questions of law in appeals from the county court. *Id.*

## ANALYSIS

[4] There is no dispute in this case that Anderson failed to comply with a statutory requirement to provide Svendgard with a copy of the search warrant. See § 29-815(1) (officer taking property under warrant shall give to person from whom or from whose premises property was taken copy of warrant and receipt for property or shall leave copy and receipt at place from which property was taken). Svendgard does not otherwise challenge the validity of the warrant or the probable cause upon which it was based. Moreover, Svendgard acknowledges that in the absence of a clear showing of prejudice, the failure to comply strictly with statutory requirements which are ministerial in nature will not invalidate a search conducted pursuant to an otherwise valid warrant. *State v. Nolt*, 298 Neb. 910, 906 N.W.2d 309 (2018).

In *Nolt*, the Nebraska Supreme Court addressed a challenge to a search warrant that was not returned and filed within 10 days, in violation of § 29-815. The court determined that the requirement to return a warrant within 10 days was "a post-service statutory requirement, which is ministerial in nature." *State v. Nolt*, 298 Neb. at 923, 906 N.W.2d at 321. Because the purely ministerial defect itself did not invalidate the warrant, the court concluded that suppression of the evidence seized was not required absent a clear showing of prejudice.

Svendgard's sole argument on appeal is that *Nolt* does not apply to the present case on the grounds that the requirement to provide a copy of the warrant is a "service," as opposed to a postservice, statutory requirement. Brief for appellant at 4. Svendgard maintains that while postservice requirements are ministerial in nature, service requirements are not. Thus, according to Svendgard, a warrant executed in violation of a service requirement invalidates the search and requires suppression regardless of prejudice. We disagree.

It is true that the *Nolt* court referred to the statutory requirement in that case as a "postservice" requirement, but there was no indication that the court intended to make the sweeping pronouncement that Svendgard proposes. The operative question in *Nolt* was not whether the statutory violation at issue was a "service" or a "postservice" error, but, rather, whether the violation was purely ministerial and thus not subject to suppression absent a showing of clear prejudice. See, also, Neb. Rev. Stat. § 29-823 (Reissue 2016) (no evidence shall be suppressed because of technical irregularities not affecting substantial rights of accused).

Svendgard argues that Anderson's failure to provide a copy of the warrant was not ministerial based on his assertion that "service" errors are considered nonministerial as a matter of law. Whatever the import of the semantic distinction between postservice and service errors, we disagree that the Supreme Court intended to adopt a per se rule requiring suppression of the evidence in this case. See *State v. Nolt, supra*. The defect complained of in this case is the failure to comply with a statutory requirement to provide a copy of an otherwise valid warrant. The record suggests that Svendgard was at all times aware of what was happening during the driving under the influence investigation, including the fact that a search warrant was being obtained for the purpose of conducting a blood draw. Under the circumstances of this case, we agree that the statutory violation at issue in this case was a purely

ministerial defect. Such a defect does not invalidate a search warrant absent a clear showing of prejudice, and Svendgard made no such showing in this case. Accordingly, we affirm the order of the district court affirming the county court's denial of Svendgard's motion to suppress.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.