IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SPANGLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHANNON SPANGLER, APPELLANT.

Filed May 2, 2023.    No. A-22-645.

Appeal from the District Court for Saunders County: CHRISTINA M. MARROQUIN, Judge. Affirmed in part, and in part remanded for further proceedings.

Emily Mathews, Deputy Saunders County Public Defender, for appellant.

Michael T. Hilgers, Nebraska Attorney General, and Melissa R. Vincent for appellee.

MOORE, BISHOP, and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Shannon Spangler appeals from his plea based conviction, in the county court for Saunders County and affirmed by the district court, for driving under suspension. Spangler assigns that the county court erred in finding that his guilty plea was entered knowingly, voluntarily, and intelligently. He also assigns that the county court erred in imposing an excessive sentence and in failing to give him credit for time served. We affirm the conviction and sentence, however, we remand for further proceedings to determine whether Spangler is entitled to credit for time served against his jail sentence.

## STATEMENT OF FACTS

Spangler was originally charged in the Saunders County Court with driving under suspension, a Class III misdemeanor; no proof of insurance, a Class II misdemeanor; and operating

- 1 -

a motor vehicle without title, a Class III misdemeanor. Following Spangler's failure to appear in county court for arraignment, an amended complaint added a charge for failure to appear, a Class III misdemeanor. A bench warrant was issued by the county court to the Saunders County Sheriff for Spangler's failure to appear on February 10, 2022. No return of this warrant was made until March 25, following the imposition of Spangler's sentence in this case.

On February 28, 2022, Spangler appeared before the county court via videoconference from the Lancaster County Department of Corrections, representing himself. After establishing that Spangler could hear him, the court first advised Spangler of each of his constitutional rights, including his right to counsel and appointed counsel. Spangler affirmed that he heard and understood his rights. When the court asked if he had any questions about the rights, there was no audible response on the record. The court then advised Spangler of the nature of the charges and all possible penalties, and Spangler indicated that he understood the charges and the potential penalties. The court then asked Spangler if he was prepared to proceed without an attorney, and Spangler responded, "I am." Spangler denied that anyone had promised him anything or threatened him to give up his rights. Spangler affirmed his understanding that if he were to plead guilty or no contest, he would be giving up his right to a trial. Spangler proceeded to plead guilty to the driving under suspension charge, but not guilty to the remaining charges. At the end of the hearing, Spangler requested a reduction in his bond. When the court asked, "Is this the only reason you're in custody," Spangler's response was partially indiscernible; however, he referenced his Lancaster County case and that something was scheduled in that case the next day. The court denied the request to reduce bond, and it set a further hearing on the plea and trial on the remaining charges for March 24.

At the hearing held on March 24, 2022, Spangler again appeared, self-represented, by videoconference from the Lancaster County Department of Corrections. The court noted that the State had filed a second amended complaint which dismissed the remaining three charges. A factual basis was given for the driving under suspension charge, indicating that a traffic stop occurred in Saunders County on December 3, 2021, that Spangler was operating the vehicle, and that his driving privileges were suspended at that time. The court found that there was a sufficient factual basis and that Spangler's plea was made knowingly, voluntarily, intelligently, and was not the result of any improper threat or promise. During the sentencing phase, Spangler indicated that he was working on getting his license reinstated, that he was asking for the court to consider sentencing him to time served, and that he was sentenced in Lancaster County the preceding day "to [indiscernible] time here."

The court proceeded to sentence Spangler to 60 days in the Saunders County jail, consecutive to any other sentence already imposed, and revoked his driver's license for one year. When Spangler asked about "time served," the court stated that it was "not attributable to this case." Spangler responded, some of which was indiscernable, however, he stated that "[i]t was your warrant that held me," and the court concluded with "[y]ou were sitting out other things." The court's order, entered March 25, indicated that the bench warrant issued for Spangler on February 10 was recalled. The Saunders County warrant was returned on March 25, indicating that the warrant was canceled due to Spangler's March 24, 2022, sentence.

Spangler timely filed a notice of appeal, through counsel, to the district court. In his amended statement of errors filed in the district court, Spangler asserted that the county court erred

in finding that his plea was entered knowingly, voluntarily, and intelligently, as it was entered without the assistance of counsel and without knowledge that the sentence actually imposed could be imposed. He also asserted that the sentence imposed by the county court was an abuse of discretion and that the court erred in failing to give him credit for time served. The county court entered an order suspending Spangler's sentence until the appeal is ruled upon.

The district court held a hearing on July 18, 2022, and the bill of exceptions from county court was received as an exhibit. On August 1, the district court entered an order affirming the conviction and sentence. With regard to the entry of the plea, the court reviewed the colloquy between the county court and Spangler at the plea hearing, and concluded that the record shows that the plea was knowingly and voluntarily made. The district court further found that both the jail time and the license revocation were within the statutory guidelines and not an abuse of discretion. Finally, the district court found that because Spangler was serving a sentence on a conviction in Lancaster County while he was awaiting sentencing in Saunders County on an unrelated case, he was not entitled to credit for time served in the instant action.

Spangler timely appeals.

### ASSIGNMENTS OF ERROR

Reordered, Spangler assigns that the county court erred in (1) finding that his guilty plea was entered knowingly, voluntarily, and intelligently; (2) imposing an excessive sentence; and (3) failing to give him credit for time served.

### STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Johnson*, 310 Neb. 527, 967 N.W.2d 242 (2021). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. An appellate court independently reviews questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court. *State v. Taylor*, 310 Neb. 376, 966 N.W.2d 510 (2021).

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Ali*, 312 Neb. 975, 981 N.W.2d 821 (2022).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023).

Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court. *State v. Castillo-Rodriguez*, 313 Neb. 763, 986 N.W.2d 78 (2023).

ANALYSIS

*Acceptance of Guilty Plea.*

Spangler argues that his plea was not entered knowingly, voluntarily, and intelligently; primarily because he was not represented by counsel. He alleges that "in his experience, it is custom in other courts that if a defendant was susceptible to a sentence of incarceration, the [c]ourt would appoint counsel." Brief for appellant at 13. He argues that since he was not appointed an attorney he therefore entered his guilty plea "with a subjective understanding that the penalty of incarceration was waived." Brief for appellant at 14. Spangler provides no authority for the proposition that a court must appoint counsel when incarceration is a possibility, despite a defendant's decision to represent himself. However, for the sake of completeness, we find the record affirmatively refutes Spangler's alleged misunderstanding.

To support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, a court must inform a defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019). And, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. See *id.*

Here, Spangler was given all of the above advisements by the county court, and he affirmed his understanding of, and waiver of, his rights. He indicated more than once that he was choosing to represent himself, and he indicated his understanding of the possible penalties, including incarceration. Thus, the county court did not abuse its discretion in finding that Spangler's plea was entered knowingly, voluntarily, and intelligently. The district court did not err in affirming this finding.

*Excessive Sentence.*

Spangler asserts that the 60 day jail sentence and the 1 year driver's license revocation was excessive.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Hines*, 313 Neb. 685, 985 N.W.2d 625 (2023). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the

defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Greer*, 312 Neb. 351, 979 N.W.2d 101 (2022).

Spangler was convicted of a Class III misdemeanor, which is punishable by up to 3 months' imprisonment, a $500 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). Spangler's sentence of 60 days in jail was within the statutory limits. In addition, Neb. Rev. Stat. § 60-4,108(2) (Reissue 2021) provides that as part of the judgment of conviction for driving under suspension, the court may order such person not to operate any motor vehicle for any purpose for a period of one year from the date ordered by the court, except that if the person at the time of sentencing shows proof of reinstatement of his or her suspended operator's license, the person shall only be fined in an amount not to exceed $100. At the sentencing hearing, Spangler did not provide proof that his license had been reinstated; rather, he stated that he is eligible to get his license upon his release, after taking a defensive driving course and paying the reinstatement fee.

We find no abuse of discretion by the county court in the sentence imposed and no error by the district court in affirming the sentence.

*Credit for Time Served.*

Spangler asserts that he should have been given credit for time served between February 28 and March 23, 2022. At the February 28, 2022, hearing before the Saunders County Court, Spangler was being held at the Lancaster County Department of Corrections. He claims that he was being detained on the Saunders County warrant. At the February 28 hearing, Spangler advised the court that he had a pending Lancaster County case. At the March 24 hearing before the county court, Spangler advised that he had been sentenced the preceding day in the Lancaster County case, and that his sentence in Lancaster County began March 23. He argues that he was not given the opportunity to provide evidence to the county court on the issue of credit, and he requests that we remand the case to the county court with instructions to hear "a motion for application of good-time." Brief for appellant at 15.

Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) provides:

Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed as a result of the conduct on which such a charge is based. This shall specifically include, but shall be limited to, time spent in custody prior to trial, during trial, pending sentence, pending resolution of an appeal, and prior to the delivery of the offender to the custody of the Department of Correctional Services.

The Nebraska Supreme Court has stated that if a defendant is serving a sentence on a conviction for one offense while awaiting trial and sentencing on an unrelated offense, he or she is not entitled to credit for time served on the sentence for the unrelated offense. See *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018). Presentence credit is to be applied only once when the defendant has multiple charges or multiple cases pending simultaneously. *State v. Galvan*, 305 Neb. 513, 941 N.W.2d 183 (2020), *modified on denial of rehearing* 306 Neb. 498, 945 N.W.2d 888.

No presentence investigation report was prepared in this case. In the absence of a presentence report which would readily reflect time served, it is especially important that time

served be ascertained from a reading of the file so that credit can be given at sentencing. See *State v. Bree*, 285 Neb. 520, 827 N.W.2d 497 (2013).

The record before us shows that Spangler was in the Lancaster County Department of Corrections at the time of both his February 28 and March 24, 2022, hearings before the Saunders County Court. Spangler indicated that he had charges in Lancaster County for which he was sentenced on March 23. There is nothing definitive in our record to show whether the pretrial incarceration in the Lancaster County Department of Corrections was related to the Lancaster County or the Saunders County case.

The State requests that we take judicial notice of the Lancaster County District Court case, CR 19-1442, which the State asserts shows that Spangler was incarcerated on the charges in that case during the relevant timeframe, and not for the charges in the instant case. We have done so. See Neb. Rev. Stat. § 27-201 (Reissue 2016) (court shall take judicial notice if requested by party and supplied with necessary information; judicial notice may be taken at any stage of the proceedings).

The record in Lancaster County District Court case CR-1442 shows that Spangler was lodged in the Lancaster County Department of Corrections on February 25, 2022, pursuant to a bench warrant issued in that case. He was sentenced in that case on March 23 to 180 days and remanded to the custody of the Lancaster County Department of Corrections. However, contrary to the State's assumption, the record shows that he was given "0 days" credit for time served in that case. Spangler was released from that sentence on June 28, after serving 98 days on that sentence.

As such, because the record is not clear whether Spangler should have received credit for time served in this case, we remand the cause to the Saunders County District Court, with instructions to remand the cause to the Saunders County Court for a further hearing to determine whether Spangler should have received credit against his jail sentence in this case.

## CONCLUSION

We find no abuse of discretion in the county court's acceptance of Spangler's plea or in the sentence imposed. We affirm his conviction and sentence. Because the record is not clear whether Spangler should have been given credit for time served against his jail sentence, we remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REMANDED
FOR FURTHER PROCEEDINGS.