IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. SHADE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

JAMES E. SHADE III, APPELLANT.


Filed August 13, 2024.    No. A-23-672.


Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

Thomas P. Strigenz, Sarpy County Public Defender, and April O'Loughlin for appellant.


PIRTLE, Chief Judge, and ARTERBURN and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

James E. Shade III appeals from the order of the district court for Sarpy County denying his motion for discharge based upon the alleged violation of his statutory right to a speedy trial. For the reasons set forth herein, we affirm.

## BACKGROUND

On August 3, 2022, the State filed an information charging Shade with first degree sexual assault, a Class II felony; third degree sexual assault, a Class I misdemeanor, and three counts of third degree domestic assault, each a Class I misdemeanor. The district court subsequently entered an order scheduling a pretrial hearing for September 19.

On September 19, 2022, Shade appeared before the district court with his counsel. Defense counsel requested that the pretrial hearing be continued. The court granted the request and rescheduled the pretrial hearing for September 26. On September 26, when Shade and his counsel

- 1 -

again appeared before the district court, counsel asked for a further continuance of the pretrial hearing. The hearing was rescheduled for October 17.

Prior to the October 17, 2022, pretrial hearing being held, Shade filed multiple discovery motions. He filed two motions to produce; one asking the State to turn over "the cell phone extraction report of [the victim's cell phone]" and the second asking for the State to turn over "a copy of the video/audiotape interview(s) conducted by Project Harmony . . . of the victim." The district court sustained the motions to produce. Shade also filed a motion for discovery asking the State:

> [T]o provide to [him] all pertinent discovery items contemplated by [Neb. Rev. Stat.] § 29-1912(1) [(Cum. Supp. 2022)], subsections (a)-(g), that are within or come within the [State's] possession, custody or control or are in or come within the possession of the State or local subdivisions of government or law enforcement, the existence of which is known or by the exercise of due diligence may become known.

Such request was general in nature and did not refer to any specific evidence being sought by Shade. The court granted Shade's motion. Notably, these discovery motions were fully resolved prior to the pretrial hearing.

At the October 17, 2022, pretrial hearing, the district court scheduled a jury trial for February 7, 2023. On the court's own motions, this trial date was later continued to February 21, 2023.

A status hearing was requested by Shade and scheduled for February 14, 2023. At this hearing, defense counsel orally moved to continue the jury trial scheduled for February 21. Counsel indicated her belief that the additional time caused by the continuance should not be counted against Shade for purposes of calculating the speedy trial deadline. Counsel then stated that she wished to conduct further investigation into this matter, but asked that the issue of whether the time occasioned by the continuance should be counted against Shade be held in abeyance. Ultimately, the district court granted Shade's motion to continue and rescheduled the jury trial for April 11.

After the jury trial was rescheduled to April 11, 2023, Shade asked for two additional continuances of the trial. On March 30, defense counsel asked the court to continue the trial to the May jury panel. Trial was rescheduled to May 23. On May 22, defense counsel again asked the court to continue the trial. The court continued the jury trial to August 29, 2023.

On July 10, 2023, Shade filed a motion for absolute discharge on speedy trial grounds. Although the motion raised both statutory and constitutional claims, the arguments made at the hearing on his motion and in his brief to the district court solely focused on whether his statutory right to a speedy trial had been violated.

A hearing was held on Shade's motion for absolute discharge on July 25, 2023. At the hearing, Shade asserted that his request for a continuance of the trial on February 14 was necessitated solely by the State's late disclosure of pertinent evidence and that, as a result, the continuance should not be counted against him for purposes of calculating the statutory speedy trial deadline, but instead should be taxed to the State as a discovery sanction. Furthermore, Shade argued that if the additional time caused by the February 14 continuance was taxed to the State, that his statutory right to a speedy trial was violated.

Evidence offered by Shade at the hearing revealed that on October 4, 2022, the State turned over a large volume of discovery to Shade and his counsel, including, cell phone extraction reports of both Shade's and the victim's cell phones; records from one of Shade's social media accounts obtained via a subpoena; and copies of transcripts from interviews with various witnesses and the victim. However, not included within this discovery were records from one of the victim's social media accounts which had also been obtained via a search warrant received by the lead detective on the case. Apparently, while such records were received by the detective and saved to his computer, the records were inadvertently not uploaded to the formal property system kept by the police department and, thus, were not provided to the prosecutor. As a result, the records were not provided to Shade and his counsel with the other discovery materials in October.

In January 2023, the prosecutor inquired about the victim's social media records and the detective realized that the information had not been uploaded to the property system. He immediately did so and the property and evidence technician received the records on January 27, 2023. The prosecutor then contacted the technician on January 31 about the records. The prosecutor received the records on February 1 and forwarded them to Shade on that same day. Shade asserted that the victim's social media records were untimely disclosed given that they were received only 20 days prior to the scheduled jury trial. An affidavit from Shade's expert stated that it would require more than 20 days to review all of the pertinent information within the social media records.

After the hearing, the district court entered an order denying Shade's motion for absolute discharge. The court appeared to base this denial on alternative theories. First, it found that as a result of Shade's motions to continue filed on September 19, 2022; September 26, 2022; February 14, 2023; March 20, 2023; and May 22, 2023, the speedy trial clock was tolled a total of 223 days, so that September 13, 2023, was the last day Shade could have been tried, and thus the speedy trial clock had not run at the time the motion for discharge was filed on July 10. In making this calculation, the district court implicitly rejected Shade's argument that the delay resulting from his February 14 motion to continue was not excludable.

The district court also found that because Shade's first three motions to continue (which again included the February 14, 2023, motion) "placed the matter outside of the six-month statutory period," Shade was deemed to have waived his right to a speedy trial pursuant to Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) and *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014), as his requests for a continuance extended the trial date beyond the statutory 6-month period. This was based on the fact that the February 21 trial date was within the 6-month period, and Shade's February 14 motion to continue extended trial beyond that date.

In a footnote, the district court's order addressed Shade's argument that the delay attributable to his February 14, 2023, motion to continue should be taxed to the State as a discovery sanction. The court acknowledged Shade's argument, and then stated:

> The Court does not find that discovery was "belated" as suggested by [Shade], nor did the Court find that striking of the State's witnesses [was] appropriate. Furthermore, the Court does not find the issues presented here warrant the Court['s] invocation of Neb. Rev. Stat. § 29-1919 [(Cum. Supp. 2022)] to enter such other orders as it deems just under the circumstances. By any measure, the Court would not do so to the extent [Shade] [s]uggests.

Shade appeals from the district court's denial of his motion for absolute discharge.

## ASSIGNMENT OF ERROR

On appeal, Shade assigns as error, restated and consolidated, that the district court erred in denying his motion for absolute discharge after concluding that the State did not commit a discovery violation when it disclosed information about the victim's social media account only 20 days prior to the scheduled trial. Shade contends that even though he requested a continuance of the trial on February 14, 2023, that such time should not be taxed to him for speedy trial purposes because he was forced to ask for the continuance as a result of the State's dilatory action.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022).

Unless granted as a matter of right under the Constitution or other law, discovery is within the discretion of a trial court, whose ruling will be upheld on appeal unless the trial court has abused its discretion. *State v. Henry*, 292 Neb. 834, 875 N.W.2d 374 (2016).

## ANALYSIS

Under § 29-1207, a criminal defendant must be brought to trial within 6 months of the filing of the information against them. However, § 29-1207 also provides periods that are excludable from this 6-month time limit. As is relevant in this appeal, § 29-1207(4)(b) describes as excludable time, "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his or her counsel." If a defendant is not brought to trial before the running of the time for trial as provided in § 29-1207, and as extended by excluded periods, he or she shall be entitled to an absolute discharge from the offense charged. *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021).

To calculate the 6-month period under § 29-1207, a court must exclude the day the complaint was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. *State v. Coomes, supra*. The burden of proof is upon the State to show by a preponderance of the evidence that one or more of the excluded time periods under § 29-1207(4) are applicable when the defendant is not tried within a 6-month period. *State v. Coomes, supra.*

In the instant case, the State filed the information against Shade in the district court on August 3, 2022. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have initially run on February 3, 2023. The parties do not dispute that there is excludable time based on Shade requesting two continuances of the pretrial hearing.

Excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends. *Id*. Shade motioned for the first continuance on September 19, 2022, and the district court granted the motion that same day, continuing the hearing to September 26, 2022. As such, the speedy trial clock was extended by 7 days. Shade then motioned for a further continuance of the pretrial hearing on September 26. The court granted the

continuance the same day, continuing the hearing to October 17. The speedy trial clock was extended by 21 additional days. At this point, the statutory speedy trial clock would have run on March 3, 2023. Trial was scheduled for February 21, within the 6-month period.

Shade requested a continuance of the February 21, 2023, jury trial on February 14. As a result of this continuance, the court rescheduled the trial to April 11, 56 days later, and outside of the 6-month statutory speedy trial period. In the district court below and on appeal, Shade contends that the delay resulting from his February 14 motion to continue the trial should not be taxed to him in calculating the speedy trial period. He asserts that because he was compelled to request the continuance as a result of the State's delay in turning over important evidence, that the time should be taxed to the State as a discovery sanction.

In its order denying the motion to discharge, the district court expressly rejected Shade's contention about the February 14, 2023, continuance. The court found that the State's disclosure of the victim's social media records was not belated when it was provided to Shade immediately after the State had itself received the records and 20 days prior to the scheduled trial. The court indicated that no discovery sanction was warranted and taxed the delay resulting from the motion to continue to Shade. Upon our review of the record provided, we find no abuse of discretion in the district court's findings.

The evidence presented at the hearing on the motion for absolute discharge reveals that the State's failure to disclose the victim's social media records with the rest of the discovery in October 2022 was an act of inadvertence, rather than an intentional act of bad faith on the part of the State. Such evidence reveals that the records were not included with the other discovery because the lead detective forgot to upload the records to the formal property system. When the prosecutor discovered the records had not been included with the materials provided to him, and thus had not forwarded to Shade, he immediately inquired of the lead detective regarding the records. It was at that point that the records were placed into property by the police and then forwarded to the prosecutor's office. The prosecutor then forwarded the records to Shade as soon as receiving them.

The evidence also indicates that Shade received the records 20 days prior to the scheduled trial. It has been held that when evidence is turned over to the defendant by the State prior to trial, the timing of the disclosure is not a violation of a defendant's right to due process. See e.g. *State v. Turner*, 315 Neb. 661, 998 N.W.2d 783 (2024). This is especially true when a motion to continue would sufficiently cure any prejudice created by a belated disclosure. See, § 29-1919; *State v. Turner, supra*. In this case, the district court correctly explained that when Shade received the social media records on February 1, 2023, and believed he needed more time to review the records and conduct further investigation, "[h]e had two options: 1) forgo reviewing/requesting more discovery and proceed to trial or 2) request a continuance. He chose the latter."

Given the evidence presented at the hearing on Shade's motion for absolute discharge, we find no abuse of discretion in the district court's determination that no discovery sanction was warranted due to the State providing the victim's social media records 20 days prior to the scheduled trial. After receiving these records, Shade made a calculated and conscious choice to ask for a continuance to review the records and conduct further investigation. The delay in the trial as a result of Shade's motion to continue "is excludable to [him] and not charged to the State."

Because the district court properly found that Shade's February 14, 2023, motion to continue the trial was "excludable to him," we affirm the court's decision to deny his motion for

absolute discharge. Shade's February 14 motion to continue resulted in the trial being rescheduled to April 11, a date beyond the 6-month statutory speedy trial period, which would have run on March 3. Section 29-1207(4)(b) provides in relevant part: "A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." As such, Shade has waived his right to a speedy trial.

## CONCLUSION

We conclude that Shade's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it denied Shade's motion on that basis.

AFFIRMED.